Per Curiam.

Without deciding at this time that three acts of *212 barratry, absolutely and in all cases, constitute the perpetrator of them a common barrator, — on which point the books seem less explicit than we had thought, — we think the evidence reported does not show that three such acts have been committed by the defendant. The evidence shows, without question, an indictable offence; but legal distinctions must be maintained. The commencing of three suits, where one would have served every justifiable purpose, might have been evidence of three acts of barratry, had he given particular directions therefor, with a malicious design to harass and oppress the debtor. (a) But there was not evidence of this. He directed the notes to be sued, probably leaving the manner of suing to the discretion of his attorney ; and it seems to be understood, that the mode * adopted by the attorney in this case is conformed to common practice in this part of the commonwealth. There being, then, no evidence of his direction, from which an inference might be drawn of an intention to oppress, (and without that intention there is no barratry,) we cannot say that the indictment is supported. In collecting his money on the executions, there was evidence of a malicious disposition ; but his enforcing payment on the executions cannot be carried so far as to become evidence of his previous direction, or even assent, as to the commencement of the suits. No creditor, in such a case, could be held to neglect the collection of his just demands, let him disapprove ever so strongly the conduct of his attorney in conducting the suits for their recovery. The defendant is discharged of the indictment.

 Qucere, whether, in such case, it ought not to be proved that the suits were false, feigned, or groundless ? It has been holden, that a man shall not be adjudged a barrator in respect of any number of false actions brought by him in his own right > but this is doubted in case such actions be merely groundless and vexatious, and without any manner of color, and brought only with a design to oppress the defendant.— 2 Russell, 185,2d ed.