### COMMONWEALTH *vs.* HIRAM TUBBS.

In order to constitute a common seller of wine, &c., under the Rev. Sts. *c.* 47, § 1, it must be proved, that the defendant made three or more distinct sales of spiritous liquor: and it is not sufficient to prove merely that he had a place on his premises, fitted up in the usual manner with a bar for the sale of liquors, to be used on the premises; that the place so fitted up was provided with the liquors, or some of them, mentioned in the said section; that this place was provided with a person in the employment of the defendant, to wait upon customers; that the defendant, by himself or his agent, did, in fact, sell liquor, of some of the kinds mentioned, to be used upon his premises, to one person or more; and that the defendant, by himself or his agent, was there ready and willing to sell to persons who might come there to buy and drink; — though these facts are proper to be submitted to the jury, as evidence of three distinct sales, upon which they may find the defendant guilty as a common seller.

THIS was an indictment on the first section of the forty-seventh chapter of the revised statutes, against the defendant, charging him, on the first day of October, in the year eighteen hundred and forty-six, and on divers other days, between the said first day of October and the first Monday of November following, with being a common seller of wine, brandy, rum, and other spiritous liquors, &c.

On the trial, in the municipal court, it was proved that the defendant was the keeper of a public house, in Boston, known as the North American House; and evidence was also given, tending to show sales of spiritous liquor by the defendant, at different times, within the period mentioned in the indictment, to one Patterson, to one Webster, and to other persons not named.

The defendant's counsel requested the presiding judge to instruct the jury, that at least three distinct sales of one or more of the liquors, alleged in the indictment to have been sold by the defendant, must be proved to have been made by him, in order to render him punishable as a common seller; and that unless the evidence satisfied the jury, that such a number of sales had been made by the defendant, they should find him not guilty of the charge in the indictment. The presiding judge refused so to instruct the jury, but, on the other hand,

did rule and instruct them, that if they were satisfied, from the evidence in the case, of three distinct specific acts of sale of spiritous liquor to be used on the defendant's premises, within the period mentioned in the indictment, which sales were made by the defendant or his agent, or that the defendant had a place on his premises, fitted up in the usual manner with a bar for the sale of liquors, to be used upon the premises; that this place, so fitted up, was provided with the liquors or some of them mentioned in the first section of the forty-seventh chapter of the revised statutes; that this place was provided with a person in the employment of the defendant to wait upon customers; that the defendant, by himself or his agent, did, in fact, sell any liquor of the kind mentioned to be used upon his premises, within the times mentioned in the indictment, including the first day therein mentioned, and excluding the last day, to one person or more; and that the defendant, by himself or his agent, was then ready and willing to sell to persons who might come there to buy and drink; this would be sufficient to constitute the defendant a common seller, contrary to the provisions of the first section of the forty-seventh chapter of the revised statutes. The jury returned a verdict of guilty; whereupon the defendant alleged exceptions to the ruling and instruction aforesaid.

*J. P. Healy,* for the defendant.

*S. D. Parker,* (county attorney,) for the commonwealth.

Dewey, J. The only question, that arises in the present case, respects the instructions to the jury, as to what facts would constitute a person a common seller of spiritous liquors.

The counsel for the defendant asked the court to instruct the jury, that at least three distinct sales of spiritous liquors must be proved, to sustain the allegation that he was a common seller of spiritous liquors. This prayer for instruction was, as it seems to us, correct. Three distinct acts of sale are necessary to constitute a common seller. Such has been the general rule as to a common barrator, and other cases of this nature. That it is insufficient to prove a single instance

when the charge is that of a common offender, is quite clear. The number of distinct acts necessary to be proved seems to have been considered as three, at least. In *Commonwealth v. Odlin*, 23 Pick. 275, the point of doubt was, not whether three distinct sales were necessary to constitute the offence, but whether there must be three distinct sales to three distinct persons, which latter fact was not deemed essential.

The inquiry now is, whether one act of sale, accompanied by evidence of all the necessary arrangements for selling liquors, and being prepared, and ready, and willing to sell to all who might apply as purchasers, will constitute a common seller of liquors.

It is to be remarked, that the question to be settled is not whether the evidence detailed in the report would not have authorized the jury to have found that the defendant had made three or more sales. This was not submitted to them, but they were instructed that one sale, accompanied with the other circumstances of preparation for selling, and readiness to sell, stated in the instructions, would be sufficient to constitute the defendant a common seller. We think the proper course would have been to have submitted all the evidence to the jury, with instructions that three distinct sales were necessary, and that if the evidence satisfied them that the defendant had, during the period alleged in the indictment, made three or more sales of liquors, then they would find him guilty as a common seller. The case having been put to the jury under instructions of a different character, the verdict must be set aside, and a new trial ordered.