## VOORHEES *vs.* DORR.

Illegal maintenance was repealed or abrogated by the Revised Statutes, and does not now exist in this state, except in the single case mentioned in those statutes.

C. claimed to have a demand against M. which, being about to leave the state, he wished to have prosecuted. It was thereupon agreed between the plaintiff and defendant and C. that the latter should assign his claim to the plaintiff, and that the defendant should prosecute the demand as attorney, in the plaintiff's name, but the plaintiff was to have no interest in the moneys recovered. The defendant agreed to pay the plaintiff $50, whenever the action was determined, together with his necessary expenses in attending court. His compensation for the time spent in attending court was to be included in the $50, and he was to be saved harmless from all costs and expenses of the litigation. *Held,* that although this agreement, so far as the plaintiff was concerned, came exactly within the general definition of maintenance, yet that it did not fall within the condemnation of the statute, and being in no respect contrary to any existing law, it could be enforced.

Voorhees *v.* Dorr.

*Held, also,* that the plaintiff, when he entered into this agreement with the defendant, was not guilty of doing an illegal act; and it was not barratry on his part, because it was but a single instance, and that offense consists in the *practice* or *habit* of stirring up strife.

*Held, further,* that the case did not fall within the provisions of the Revised Statutes forbidding attorneys, &c. buying rights in action to prosecute, or lending or advancing money, &c. to procure suits, and making all such acts misdemeanors, and subjecting such attorneys, &c. to removal from office; nor within the scope of the maxim *ex turpi causa non oritur actio.*

Where a witness states that a letter is lost and he cannot tell what has become of it, that is sufficient evidence, *prima facie,* of loss, to admit parol evidence of its contents ; where the witness is not cross-examined for the purpose of ascertaining where he kept his letters, or whether he preserved them at all, or what search he has made; but the objection is that there is no evidence that it has been destroyed, or that the witness has searched for it where he usually keeps his letters.

Where it does not appear that at the trial the defendant insisted upon a juror sitting, or took any exception to his exclusion, it is too late to raise an objection, or take exception, upon appeal.

THIS action was commenced before a justice of the peace, who gave the plaintiff judgment for $80, besides costs. Upon appeal it was affirmed by the county court of Livingston, and the defendant appealed to this court. The cause of action stated in the complaint, is for work and labor, and money paid, laid out and expended; but, stated in evidence by the plaintiff was mainly upon a contract, by which the defendant was to pay the plaintiff $50 for permitting a suit in which he had no interest to be brought in his name. The agreement is more fully set forth in the opinion of the court.

*Geo. F. Danforth,* for the appellant. I. The contract for the payment of the above named $50 was void. (*Sedgwick* v. *Stanton,* 14 *N. Y. Rep.* 289.) This case was cited by the learned county judge, to sustain the judgment he was about to render. But it wholly fails to do so. The facts involved were wholly unlike those here presented, and the law announced has no application. And so it expressly appears, for at page 300, the court say : "The

act of one who assists in embroiling his neighbor, is a distinct offense from that of champerty, and still punishable." The case before the court is the precise case suggested by the court in the case of *Small* v. *Mott*, (22 *Wend.* 406,) where the chancellor, speaking for an unanimous court, says : " I do not think, however, that agreements actually champertous, as where a stranger to the subject of the litigation, who has no interest therein in law or equity, or in expectancy, by the ties of blood or affinity, agrees to assist in embroiling his neighbor in litigation, or in carrying their suits through the different courts after they are commenced, upon a stipulation that he shall receive a share of the fruits of the litigation as a reward for his mischievous interference, can be inforced in courts of justice;" and this doctrine is affirmed and reiterated upon reference to those remarks in the case also cited from the 14th New York Reports, ( *p.* 300.) In the case before this court, Voorhees, the plaintiff, had no interest whatever in the suit about to be commenced in his name. In *Benedict* v. *Stuart*, (23 *Barb.* 420,) this court takes a distinction between an agreement to share in the proceeds of a litigation and an agreement to bear the expenses; holding the former valid and the latter invalid. The latter quality exists in the case at bar. (*See Brotherson* v. *Consalus*, 26 *How. Pr.* 213.) In re. *Martens*, (4 *Dowl.* 18,) cited by *Parsons*, (2 *Pars. on Cont.* 263, *n.* 1,) it was considered maintainance for an attorney to agree to save a party harmless from costs provided he were allowed one half of the proceeds of the suit in case of success. *Harrington* v. *Long*, (4 *Mylne & Keen*, 590 ; *Eng. Com. Law Rep.* 140 ;) is a very full and instructive case in support of the appellant's position. (*Anderson* v. *Radcliff*, 1 *Ellis, B. & E.* 806.)

II. The agreement is void as contravening the provisions of 2 Revised Statutes, chapter 3, article 3, title 2, page 288, section 52. This statute prohibits any attorney from

Voorhees *v.* Dorr.

lending or advancing, or agreeing to lend or advance, any money or any thing in action as an inducement to the placing in the hands of such attorney any debt, demand, or other thing in action for collection. A subsequent section of the same statute makes such act a misdemeanor. The contract in question provides for the payment of fifty dollars for a purpose prohibited by this statute, and cannot stand. *Ex turpi causa non oritur actio.* No principle is better settled in the law, and it is unnecessary to cite authorities in its support.

III. Parol evidence of the contents of a letter was improperly admitted.

IV. The court erred in rejecting Williams as a juror.

V. If the court look into the evidence they will find that it fails to support the verdict. The jury in justices' courts are the judges of the law and facts. (6 *Hill,* 326.) A void contract is evidence of the measure of compensation, terms, &c. unless the action is brought to enforce performance. In an action for work and labor it could not be legally objected to. (2 *Cowen,* 660.)

*Vanderlip & Smith,* for the respondent. I. It was not error to overrule the amended answer of the defendant. 1. It was matter of discretion. 2. The amended answer proposed was insufficient. It does not show that the former suit was first commenced, or the issue in it first joined. It pleads a conclusion of law, and does not state the facts to support it. 3. If claimed to be a plea *puis darrien,* to entitle the defendant to interpose it as matter of right, the record must show that it was offered at the first opportunity. (9 *John.* 255. 10 *id.* 161. 1 *Wend.* 228. 19 *id.* 639. 3 *Denio,* 269.)

II. The exclusion of Williams as a juror was not error. The defendant made no objection to his being excluded. Objections are not noticed on appeal if it does not appear that exceptions were taken expressly and directly to the

points in question. (*Willard* v. *Warren,* 17 *Wend.* 257. The exception must not be left to implication. (*Id.* 259.) A party cannot raise an objection on appeal which might have been obviated, if presented below. (17 *Wend.* 234.)

III. The fourth to the eighth points inclusive, made by the appellant in his notice of appeal, furnish their own answers. The ninth, tenth and eleventh are not founded in the facts of the case; and if they were, the rulings were proper.

IV. The contract to pay Voorhees $50 for his services in the action, was a valid agreement. He had the legal title to the cause of action, by the assignment to him, though the equitable title to the proceeds was in others. Whatsoever may be said of the morality of the transaction, under the peculiar facts of this case, it was not illegal. It is not void as being against public policy. (*Sedgwick* v. *Stanton,* 14 *N. Y. Rep.* 291, 2.) It was not void for champerty. (*Id.* 291.) It was not void for maintenance. (*Id.* 295.) Maintenance (which includes champerty) is abolished by our statutes, except a prohibition against taking a conveyance of lands in suit, or selling pretended titles, or conspiracies falsely to show or maintain suits. (*Peck* v. *Briggs,* 3 *Denio,* 107. *Sedgwick* v. *Stanton, supra. Durgin* v. *Ireland,* 14 *N. Y. Rep.* 322.) But the question was not raised in the court below, and cannot be raised on appeal. (*Durgin* v. *Ireland, supra,* 327, 8.)

V. The last point made by the appellant in his notice of appeal arises merely upon the finding of the jury upon a question of fact, where the testimony was conflicting; and that finding is conclusive.

*By the Court,* JOHNSON, J. The principal question in this case, is, whether the agreement between the plaintiff and the defendant, for the prosecution of the action in this court, in the name of the former, against McCartney, can be enforced. According to the verdict of the jury the

Voorhees *v.* Dorr.

transaction was this: Canfield claimed to have a demand against McCartney, which he wished to have prosecuted, as he was about to leave the state. It was finally arranged between the plaintiff and defendant, and Canfield, that the latter should assign his claim, to the plaintiff, and that the defendant should prosecute the demand as attorney in the plaintiff's name, but the plaintiff was to have no interest in the moneys recovered by such action. It was also agreed between the plaintiff and the defendant that the defendant should pay the plaintiff $50, whenever the action was determined, and pay his necessary expenses in attending court. His compensation for the time spent in attending court was to be included in the $50, and he was to be saved harmless from all costs and expenses of the litigation. The action was tried at the circuit and the plaintiff was nonsuited. This action was then brought in a justice's court, to recover the $50, and certain expenses incurred in attending the trial personally, at the request of the defendant, and moneys paid out in procuring the attendance of witnesses at his like request, and for other services rendered and moneys paid to and for the defendant. The plaintiff had a verdict in the justice's court, and the judgment, thereon rendered, was on appeal affirmed in the county court. The defendant claims that this agreement for the prosecution of the action against McCartney is illegal and void and cannot be enforced by action.

The demand was assigned to the plaintiff, in order that the action might be brought and maintained in his name. This invested him with the legal title to the chose in action, though under the arrangement his right would be that of a trustee of an express trust only, according to section 113 of the Code. The arrangement between the parties, so far as the plaintiff is concerned, falls exactly within the general definition of maintenance. It was an action in which he had no interest, but consented officiously to intermeddle with it, and afford the use of his name for a con-

sideration. If maintenance is not against law, the consideration is sufficient to uphold the agreement and furnish a ground for recovery. It has been held that illegal maintenance does not exist except in the single case mentioned in the Revised Statutes, and that such maintenance was repealed or abrogated by those statutes. (*Sedgwick* v. *Stanton*, 14 *N. Y. Rep.* 289. *Durgin* v. *Ireland*, *Id.* 322.)

The agreement here, does not fall within the condemnation of the statute, and being in no respect contrary to any existing law, I see no reason why it should not be enforced. It contemplated, in addition to the use of the plaintiff's name, and the liability necessarily incurred for the costs, to the opposite party, certain services to be rendered by the plaintiff, in attending court at the time of trial, which were in fact rendered. There is nothing necessarily immoral, or censurable, in aiding and assisting another in the prosecution and collection of a just claim, or one which is believed to be such, by the party assisting, where such assistance is sought in good faith by the party so assisted. On the contrary, such acts from good motives, and for just ends, may be as commendable and praiseworthy, as any other acts of benevolence and kindness. It is the bad motive, and the unjust end sought to be attained, which renders such acts immoral and reprehensible. Even before the Revised Statutes, when the law against maintenance was in full force, many acts in the nature of maintenance were held to be justifiable from the circumstances under which they were done. There were no less than five exceptions to the general rule, within which assistance in the nature of maintenance could be lawfully furnished. And the rule itself, having long survived the evil it was intended to remedy, was very properly abrogated, except so far as the statute has preserved it. The plaintiff was not, therefore, when he entered into this agreement with the defendant, guilty of doing an illegal act, as he seems to have believed. It was not barratry on the part of the plaintiff,

because it is but a single instance, and that offense consists in the practice or habit of stirring up such strife.

The defendant also cites, and insists upon, by way of defense, the provisions of the Revised Statutes forbidding attorneys, counsellors, and solicitors buying rights in action to prosecute, or lending or advancing money or things in action to procure suits, and making all such acts misdemeanors, and subjecting such attorney, counsellor, or solicitor, to removal from office in the several courts in which he is licensed. (2 *R. S.* 288, §§ 71–73.) And he invokes in his behalf the application of the maxim *Ex turpi causa non oritur actio.* But I do not see that the case falls within either of the sections of the statute, or within the scope of the maxim cited. It was clearly not a purchase of the demand by the defendant as an attorney; nor was it in fact a loan or advancement, or an agreement to lend or advance any thing, by way of inducement, or as a consideration to the owner of the claim, to place it in the plaintiff's hands for collection. The promise to pay the $50, was not by way of inducement or consideration to the assignment, but simply as a compensation for consenting to stand as a nominal party in the action, and certain services to be rendered in the progress thereof. Here, again, it appears that the defendant, who is also an attorney and counsellor of this court, " builded better than he knew," and was innocent in law, if not in intent, of the turpitude he urges against himself, by way of defense to the action.

The other points relate to the rulings in the course of the trial. There was no error in allowing parol evidence to be given of the letter. The witness stated that it was lost, and he could not tell what had become of it. He was not cross-examined for the purpose of ascertaining where he kept his letters, or whether he preserved them at all, or what search he had made; but the objection was, that there was no evidence that it had been destroyed, or that

Voorhees *v.* Dorr.

the witness had searched for it where he usually kept his letters. The witness stated generally that it was lost, which was sufficient evidence, *prima facie*, of loss. A further examination might have disclosed an insufficient search for the letter, in the place where such things were usually kept by the witness, but the defendant did not see fit to make any inquiry.

As to the rejection of Williams, as a juror, it is enough to say that there is nothing in the case, whatever, to show that he was not rejected with the consent of the defendant. It does not appear that the defendant insisted upon his sitting, or made any objection, or took any exception to his exclusion. It is altogether too late to raise an objection, or take exception, upon appeal, in such a case.

The evidence is, on the whole, I think, sufficient to sustain the verdict. It was, indeed, quite conflicting, but the jury has determined which version was entitled to credit. It is not a case where the preponderance is so decisive against the verdict, as to raise the presumption of prejudice or corruption on the part of the jury, and the court would not be justified in setting it aside as wholly against evidence.

The foregoing embraces all the points contained in the printed brief. Some other questions were urged upon the oral argument which were raised in the notice of appeal to the county court, but I am unable to discover any error in either of them, and am consequently of the opinion that the judgment of the county court should be affirmed.

[MONROE GENERAL TERM, September 7, 1868. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]