N. HILL FOWLER, Appellant, *against* CHARLES T. CALLAN *et al.*, Respondents.

(Decided January 21st, 1884.)

A deed of an undivided half of certain real property was executed to an attorney at law in consideration of an agreement by him to render for the grantor all legal services necessary and requisite to secure to the latter the title to the property and also to save him from the payment of any costs or expenses in relation to the same. *Held*, that the deed was void, under the provision of the Revised Statutes forbidding an attorney to agree to advance money, &c., in consideration of having placed in his hands "any debt, demand or thing in action for collection" (2 R. S. 5th ed. 282, § 72.) †

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

---

The action was brought to recover possession of one undivided half of premises conveyed by a quit claim deed dated May 5th, 1885, executed and delivered to plaintiff, an attorney at law, by defendant Callan. Plaintiff under same date delivered to defendant Callan his agreement to render for said defendant all necessary and requisite legal services to secure him the title to the entire premises, and to save him from the payment of any costs and expenses. The deed was given as advanced payment for the professional services mentioned in the agreement, and the immunity from charges and expenses. The services were rendered, and involved title to the realty described in the conveyance and agreement.

The court dismissed the complaint, " on the ground that the transfer was made under an illegal agreement and for a consideration forbidden by the law." From the judgment for defendants entered thereupon plaintiff appealed.

*Scott Lord*, for appellant.—The court erred in dismissing the complaint, for the transfer was not made " under an illegal agreement " or " for a consideration forbidden by the law." Even before the Revised Statutes, when the law against maintenance was in full force, many acts in the nature of maintenance were held to be justifiable from the circumstances under which they were done (*Voorhees* v. *Dorr*, 51 Barb. 586). The contract in this case is not one calculated to provoke aggression, but rather to induce repose. Plaintiff bound himself to defend and protect; not to attack, nor to encourage litigation (*Benedict* v. *Stuart*, 23 Barb. 421).

The agreement was not illegal. What is said on this question in *Brotherson* v. *Consalus* (26 How. Pr. 218), which seems to have been relied upon in the court below, was merely *obiter*; neither was such question in the case of *Benedict* v. *Stuart* (23 Barb. 421). The law of champerty and maintenance, except as contained in the Revised Statutes, does not exist in this state (*Sedgwick* v. *Stanton*, 14 N. Y. 289; *Durgin* v. *Ireland*, Id. 322; *Howland* v. *Coffin*, 32

How. Pr. 307; *Zogbaum* v. *Parker*, 66 Barb. 341; *Voorhees* v. *Dorr*, 51 Barb. 580). The tendency of legislation in this direction is also evidenced by the provision of the Code, abrogating all rules and laws restricting the right of a party to agree with an attorney for his compensation.

*J. Adolphus Kamping*, for respondent Callan.—In transactions between an attorney and his client, every presumption and every doubt is against the claims of the attorney (*Kitchings* v. *Van Brunt*, 38 N. Y. 342; *Burling* v. *King*, 2 Thomp. & C. 545; *Whitehead* v. *Kennedy*, 69 N.Y. 462). Therefore the agreement is to be construed to imply that the advancing of the costs and expenses in the suit was an inducement to placing in Fowler's hands Callan's demand, and that such conveyance was made with the intent and for the purpose that Fowler was to bring suit thereon; and the presumption is that Callan was not then in legal possession of the premises (Story Eq. Jur. §§ 308–324; *Brotherson* v. *Consalus*, 26 How. Pr. 219). Any suit founded on such agreements must fail (R. S. pt. III. c. 3 art. 3 § 81).

The agreement was champertous, therefore illegal, and the deed based thereon was void (2 R. S. 691 § 56; *Jackson* v. *Ketchum*, 8 Johns. 482; *Hoyt* v. *Thompson*, 5 N. Y. 547; *Ogden* v. *Des Arts*, 4 Duer 283; 4 Blackst. Comm. 135; *Benedict* v. *Stuart*, 23 Barb. 421; 2 Parsons Contr. 5th ed. 766; *Lathrop* v. *Amherst Bank*, 9 Metc. 489; *Satterlee* v. *Frazer*, 2 Sandf. 141; *Brotherson* v. *Consalus*, 26 How. Pr. 218). The case comes within the rules held in *Coughlin* v. *New York Central &c. R. R. Co.* (71 N. Y. 452).

*Q. McAdam*, for respondents Kelly and Griffin. — The deed under which plaintiff claimed was based upon a consideration forbidden by law, and is void. Accepting the definition of champerty as "the unlawful maintenance of a suit in consideration of some bargain to have part of the thing in dispute" (*Sedgwick* v. *Stanton*, 14 N. Y. 289, 294), it is at least doubtful if that offense is now known to our law. The authorities seem to hold that, except as it is or

may be embodied in existing statutes, it has no existence in this state (*Sedgwick* v. *Stanton*, 14 N. Y. 289; *Durgin* v. *Ireland*, Id. 322; *Voorhees* v. *Dorr*, 51 Barb. 580). Under the Code it is certain that an attorney may lawfully agree to receive as compensation for his services a part of the money or other thing in litigation. But the contract now under consideration goes further than that, in stipulating, as it does, not only for the services of the plaintiff in the litigation, but to bear the expenses thereof, and to save his client (the litigant) from the payment of any costs or expenses in relation to the same. Such contracts are still condemned by our law (*Brotherson* v. *Consalus*, 26 How. Pr. 213, 217, 218; *Coughlin* v. *New York Central &c. R. R. Co.*, 71 N. Y. 443, 452).

BEACH, J.—[After stating the facts as above.]—The agreement and the deed were void, the latter being in contravention of the statute then in force (2 R. S. 288 § 72). This enactment prohibits an attorney from agreeing to advance money to any person as an inducement to the placing or in consideration of having placed in his hands any debt, demand or thing in action for collection.

It may be questionable whether or not the subject matter of the agreement technically falls within the statutory specification of " debt, demand or thing in action for collection." I think " demand " has a meaning broad enough to cover it, and " collection " may be held synonymous with enforcement.

The case of *Voorhees* v. *Dorr* (51 Barb. 580) seems overruled by *Coughlin* v. *The New York Central &c. R. R. Co.* (71 N. Y. 443, 452). As an original question, the agreement in that case would appear to be one for an advance of fifty dollars and expenses to the assignee of the claim, with immunity from costs, as an inducement to place it in defendant's hands for collection. But the learned court construed the contract differently, and were it not for the controlling decision in *Coughlin* v. *The New York Central &c.*

*R. R. Co. (supra)*, I should feel constrained to follow the decision.

Legislative enactment, enforced by controlling adjudication, has undoubtedly swept away the law of champerty and maintenance, save an exception contained in the Revised Statutes (*Sedgwick* v. *Stanton*, 14 N. Y. 289; *Durgin* v. *Ireland*, Id. 322).

These decisions seem contrary to the apt and forcible suggestions of Justice BOCKES in *Brotherson* v. *Consalus*, (26 How. Pr. 213), which, while not authoritative, are like to cause regret over the absence of statutory enactments preventing attorneys and counselors of the court from encouraging litigation in any and all cases, by actual loans to litigants or agreements to indemnify them against costs and expenses.

The judgment should be affirmed, with costs and disbursements.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.