CHURCHWELL *v.* THE STATE.

No. 14369. NOVEMBER 13, 1942.

24

*Harry S. Strozier, O. J. Franklin,* and *Carlisle & Bootle,* for plaintiff in error.

*W. A. Wooten, solicitor, Hal M. Smith,* and *Lester F. Watson,* contra.

HEWLETT, Justice. In all cases demurrers, pleas, and answers should be disposed of in the order named. Code, § 81-1002. The first question for decision is whether the trial court erred in overruling the general and special demurrer. The general demurrer challenged the legal sufficiency of the accusation, on the grounds: (1) that under the law at least three acts are necessary to constitute the crime of common barratry, and (2) that no frequent excitation or stirring of suits or quarrels is alleged. Where a statute defines a crime, resort may be had to the common law to get the meaning of the words used; as for instance, that raising a

window or opening a closed door is breaking, and that entering does not require that the whole body go in. *White* v. *State,* 51 *Ga.* 285, 288. Blackstone said: "Common barratry is the offense of frequently exciting and stirring up suits and quarrels between his Majesty's subjects either at law or otherwise." 4 Bl. Com. 134; 2 Bishop on Criminal Law (9th ed.), § 64. Blackstone's definition is copied in the Georgia Code, § 26-4701, with only one difference; for "his Majesty's subjects" there is substituted the word "individuals," and it now reads as follows: "Common barratry is the offense of frequently exciting and stirring suits and quarrels between individuals, either at law or otherwise. Any person who shall be found and adjudged a common barrator, vexing others with unjust and vexatious suits, shall be guilty of a misdemeanor. . ."

The word "frequently" is used in both definitions, and does not mean once or twice. Webster's Dictionary gives to the word "frequent" the following meanings: "numerous"; "often to be met with"; "happening at short intervals"; "often repeated or occurring." Fishback's Elementary Law, 175, § 279, says: "Barratry is the offense of frequently stirring up quarrels and suits, either at law or otherwise. The indictment should charge the offender with being a common barrator, and there must be proof of at least three instances of offending." 2 Bishop on Criminal Law (9th ed.), 45, § 65, says: "1. Analogies with other offenses. This offense has resemblances to some others; as champerty and maintenance, libel, spreading false news, forcible entry and detainer. On the other hand, it differs from these; and a prominent difference is as follows: 2. Cumulative acts. While the offenses just named may severally be committed by a single act, or by a series of acts constituting one transaction, common barratry is a quarrel, as Coke says, 'not in one or two, but in many' cases. 3. Common—How many instances.—The indictment must therefore charge the offender with being a 'common barrator'; and the proof must show at least three instances of offending. Three seems to be ordinarily sufficient, probably not always, a question not clearly settled by the authorities."

Clark's Criminal Law (2d ed.), 378, states the rule in substantially the same way, as follows: "A single act is not sufficient to constitute the crime of common barratry, but there must

be a series of acts, not less than three; the essence of the offense being that the offender shall be a 'common' barrator." In 2 Wharton's Criminal Law (12th ed.), 2001, in a footnote explanatory of the word "habitually" appears this statement: "There must be at least three cases. Reg. v. Hardwicke, 1 Sid. (Eng.) 282." In 9 C. J. S. 1547, it is said: "In one case it is stated unequivocally that the proof must show at least three offensive instances," citing State v. Noell, 220 Mo. App. 883 (295 S. W. 529).

The holding in State v. Noell, supra, is: "Barratry is the offense of frequently exciting and stirring up quarrels and suits, either at law or otherwise. 4 Bl. Com. 134. See 1 Cowp. 154, by Lord Mansfield; 1 Bouvier's Law. Dic. 327." "Under the common law, an indictment for the offense must charge the offender with being a common barrator. 1 Siderfin's Reports, 282. The proof must show at least three instances of offending. Commonwealth v. McCullouch, 15 Mass. 227; State v. Chitty, 1 Bailey (S. C.), 379; Commonwealth v. Mohn, 52 Pa. 243, 91 Am. Dec. 153." The Massachusetts case of Commonwealth, cited in State v. Noell, supra, goes even further and raises the question whether three instances of offending will be sufficient, or, in other words, whether more than three instances are necessary. The headnote in the McCullouch case is as follows: "Whether three acts of barratry constitute the perpetrator of them a common barrator, Quære?" The pertinent part of the decision is as follows: "Without deciding at this time that three acts of barratry, absolutely and in all cases, constitute the perpetrator of them a common barrator,— on which point the books seem less explicit than we had thought,— we think the evidence reported does not show that three such acts have been committed by the defendant."

In the decision in the South Carolina case of State v. Chitty, cited in State v. Noell, supra, we find this statement: "The statute referred to, it may be conceded, limits the commencement of indictments, as well as informations, for bracery, champerty, maintenance, and some other offenses of the same class, to one year after the offense is committed. But barratry is not mentioned in it, and that would be a sufficient reason for not applying it here. It is, moreover, very apparent, that it was never intended to be applied to this offense. Bracery and the other of-

fenses mentioned, consist of a single act, and the point of time is indivisible. Not so of barratry; that is made up of many acts, committed at different times, and in tracing the circumstances, it would be impossible to fix upon the precise time when it began, or when it was consummated; and it would be difficult, therefore, to bring a statutory law to operate upon it." A case very much in point by analogy is Commonwealth v. Tubbs, 55 Mass. 2. The defendant was indicted for being "a common seller of wine, brandy, rum, and other spirituous liquors," etc. The court said: "The only question that arises in the present case respects the instructions to the jury, as to what facts would constitute a person a common seller of spirituous liquors. The counsel for the defendant asked the court to instruct the jury, that at least three distinct sales of spirituous liquors must be proved, to sustain the allegation that he was a common seller of spirituous liquors. This prayer for instruction was, it seems to us, correct. Three distinct acts of sale are necessary to constitute the common seller. Such has been the general rule as to a common barrator, and other cases of this nature. That it is insufficient to prove a single instance, when the charge is that of a common offender, is quite clear. The number of distinct acts necessary to be proved seems to have been considered as three at least."

The New York decision of Voorhees v. Dorr, 51 Barb. 580, held that an agreement by an attorney to buy up and enforce a claim was not barratry, . . because it was but a single instance, and that offense consists in the practice or habit of stirring up strife. Counsel for the State relies on a statement in 7 C. J. 927, as follows: "It is certain that at common law two acts are requisite, and probably as many as three; but the books are not perfectly explicit as to whether the latter number is absolutely and in all cases necessary." The editor cites the following cases in support of this statement: Commonwealth v. Tubbs, 1 Cush. (55 Mass.) 2; Commonwealth v. Davis, 11 Pick. (Mass.) 432; Commonwealth v. McCullouch, 15 Mass. 227, 229; State v. Chitty, 1 Bail. L. (17 S. C.) 379; Reg. v. Hannon, 6 Mod. 311, 87 Reprint, 1050; Roy v. Hardwicke, 1 Sid. 282, 82 Reprint, 1107. As heretofore pointed out, Commonwealth v. Tubbs holds unequivocally that "Three distinct acts of sale are necessary to constitute a common seller." The decision in Commonwealth v. Davis, supra, contains

no suggestion that less than three instances would suffice. It was said: "As three acts would be sufficient, three or more acts may be given in evidence before the examining magistrate, three or more before the grand jury, and three or more before the jury of trial, and all might be different or the same." Com. *v.* McCullouch, supra, raised a quære whether more than three are necessary. The decision in State *v.* Chitty, supra, states that barratry is made of "many acts, committed at different times." Reg. *v.* Hannon, supra, merely holds that an indictment charging Hannon with being a "common cheat" is too general. The court said nothing as to the number of instances required. Roy *v.* Hardwicke, supra, is the case cited in Wharton's footnote, quoted above, to the effect that at least three cases are necessary to constitute the crime of common barratry. Other than the six cases mentioned above, Corpus Juris cites only Coke upon Littleton, 368. That discussion of barrators says nothing regarding the number of instances required.

In State *v.* Batson, 220 N. C. 411 (17 S. E. 2d, 511, 139 A. L. R. 614), it was held: "Common barratry is the offense of frequently exciting and stirring up suits and quarrels, either at law or otherwise." A note in 139 A. L. R. 624, is as follows: "The offense of barratry consists in the practice or habit of stirring up strife. It does not consist of one act, but of many acts, and it may not, therefore, be predicated upon a single instance or act."

We have no decisions in Georgia explanatory of the meaning of common barratry, but an examination of our Code, § 26-4701, on which the accusation was based, requires "suits" (more than one) "and" (the conjunctive, not the disjunctive) "quarrels" (more than one quarrel). This accusation alleges only one suit, and only one other transaction, whether we call it a letter or a quarrel. It follows that the accusation alleges no offense and is insufficient as a matter of law, for the reason that only two acts are alleged, and it takes at least three to constitute the offense of barratry. Therefore the court erred in overruling the demurrer. That error rendered further proceedings nugatory. *General Supply & Construction Co.* v. *Lawton,* 131 *Ga.* 375 (3) (62 S. E. 293).

The foregoing ruling disposes of the case, and it is unnecessary to pass on the question of venue raised in the special plea.

*Judgment reversed. All the Justices concur.*