Chief Judge Desmond (dissenting).
I dissent and vote to reverse the judgment and dismiss the information. In no previous case or place has the bringing on one’s own behalf of lawsuits, however annoying or persistent, been condemned as “barratry”. That ancient and almost forgotten pejorative label has never been applied to anything other than the incitement, excitement or stirring up of litigious strifes involving other people. Historically, it is indisputable that to prove “ barratry ” there always had to be proven not only the stirring up of strifes among persons other than “ the common barrator ” himself but also that this was done not as to a single claim or dispute but habitually and as a “ practice ” (Voorhees v. Dorr, 51 Barb. 580, 587; Commonwealth v. McCulloch, 15 Mass. 227; Vitaphone Corp. v. Hutchinson Amusement Co., 28 F. Supp. 526, 530; State v. Batson, 220 N. C. 411; 139 A. L. R. 622 et seq.; 14 Am. Jur. 2d, Champerty and Maintenance, p. 854 et seq.; 9 C. J. S., Barratry, p. 1546 et seq.; 5 Words and Phrases, p. 182; Black’s Law Dictionary [4th ed.], p. 190).
And this is exactly what the New York Penal Law says and means. “ Common barratry ” is defined in section 320 of the Penal Law as “ the practice of exciting groundless judicial proceedings ”, thus expressing the same concept as do the authorities cited in the preceding paragraph of this opinion. Then, section 322 carries this same idea still further when it says: “No person can be convicted of common barratry, except upon proof that he has excited actions or legal proceedings, in at least three instances, and with a corrupt or malicious intent to vex and annoy.”
*258 Finally, section 323 confirms all this when it says that it is no defense to a prosecution for barratry “ that the defendant was himself a party in interest or upon the record to any action or legal proceeding complained of”. This plainly recognizes, referring back to the common law and to sections 320 and 322, that it is the “ exciting ” of litigation (that is, the stirring up of lawsuits by others) that constitutes “common barratry”. However, a defendant who does so cannot escape prosecution by adding himself as a party to the cause or causes. The section 320 definition still stands to give “ barratry ” the same meaning as at common law. Since these statutes clearly are intended to express the common law they should be so construed (Waters & Co. v. Gerard, 189 N. Y. 302, 309; Matter of Sullivan Co., 289 N. Y. 110, 115).
If there be (and I cannot find any) doubt as to what these statutes mean, the result must be a reversal, not an affirmance. “ Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms (People v. Briggs, 193 N. Y. 457; Dieterich v. Fargo, 194 N. Y. 359; People v. Wallace & Co., 282 N. Y. 417). ‘ Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal ’ (People v. Shakun, 251 N. Y. 107, 113) ” (People v. Benc, 288 N. Y. 318, 323).
These statutes have been on the books since 1881 (L. 1881, ch. 676, §§ 132-135) and never before construed as in this present decision. Indeed, no one can find any record of any prosecution (till this one) of anyone in this State for “barratry”. To sentence this man to imprisonment under an unprecedented reading of these obsolete statutes is an injustice so gross as to demand reversal.
Judges Dye, Burke, Scieeppi and Bergan concur with Judge Van Voorhis; Chief Judge Desmond- dissents and votes to reverse the judgment and to dismiss the information in an opinion in which Judge Fuld concurs.
Judgment affirmed.