*Supp. 3 Opinion
WOODS, J.
Statement of the Case
Appellant was charged by misdemeanor complaint, executed on December 10, 1986, with a violation of Penal Code section 159, barratry, alleged to have been committed “on or about and between June 4, 1985 and July 17, 1986.” Appellant entered a plea of nolo contendere on December 17, 1986, at which time probation was denied and appellant was fined $1,000.
On December 29, 1986, the court vacated and set aside the December 17, 1986, conviction and sentence, upon discovery by the prosecution that section 159 of the Penal Code pertained to the proof required to convict for the offense of barratry but that the offense itself was delineated in section 158 of the Penal Code. The complaint was amended accordingly upon motion by the People. Appellant again entered a plea of nolo contendere, was convicted, and placed on three years summary probation and filed $500.
Discussion
Appellant contends that the complaint was jurisdictionally defective on its face since the crime charged (barratry pursuant to Pen. Code, §158) was not filed within one year of the offense as required by Penal Code section 802, subdivision (a).[1] The complaint alleges that the crime occurred “on or about and between June 4, 1985 and July 17, 1986.” The complaint was filed on December 10, 1986.
Appellant correctly contends that one cannot be convicted of the offense of barratry unless there is proof of three groundless judicial proceedings, as required by Penal Code section 159. Appellant, however, incorrectly contends that the crime of barratry is committed by the filing of just one groundless judicial proceeding, Appellant further incorrectly contends that the complaint in this instance is barred by the one-year statute of limitations of Penal Code section 802, subdivision (a), for the reason that his purported bringing of a single groundless lawsuit might be prior to the one-year proscription of section 802, subdivision (a), within the meaning of the time constraints set forth in the complaint of the People.
*Supp. 4 Penal Code section 158 defines barratry as “the practice of exciting groundless judicial proceedings.” (Italics added.) The plain language of section 158 refutes the contention that filing one groundless judicial proceeding is barratry. By defining the crime as the “practice,” rather than the “act,” of exciting groundless judicial proceedings, the Legislature made clear its intent that there be multiple suits. The word “practice” is defined as “Repeated or customary action; habitual performance; a succession of acts of similar kind; . . .” (Black’s Law Dict. (5th ed. 1979) p. 1055, col. 1.) Furthermore, the Legislature has specified that the crime is the practice of exciting groundless judicial proceedings, in the plural form, not proceeding, in the singular, as appellant contends.
In the absence of California case law on the subject of barratry, we note that the Supreme Court of Georgia has held that three acts were necessary for the offense of barratry even though the state statute defining barratry did not refer to a specific number of acts. (Churchwell v. State (1942) 195 Ga. 22 [22 S.E.2d 824, 827].) Under Penal Code section 802, subdivision (a), the statute of limitations runs from the commission of the offense. We hold that the offense of barratry is committed when the third groundless judicial proceeding is filed (see Pen. Code, § 159) and that the statute of limitations runs from the date of the filing of the third proceeding.
Appellant argues that the complaint was defective because it is not clear when the third act occurred, as it could have occurred more than one year prior to the filing of the complaint within the time-constraint language of the charge. In order to raise a jurisdictional issue, the complaint must show on its face that the statute of limitations has run. (People v. McGee (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) Since the act of barratry alleged in the complaint could have occurred on July 17, 1986, at the latest, the face of the complaint does not reveal that the statute of limitations had expired.
A plea of nolo contendere is “an agreement on the part of the defendant that the fact charged may be considered as true for the purposes of the particular case wherein it is entered.” (Caminetti v. Imperial Mut. L. Ins. Co. (1943) 59 Cal.App.2d 476, 491 [139 P.2d 681].)
Appellant’s final argument is that all three prohibited acts must have been committed within the one-year statute of limitations provided in Penal Code section 802, subdivision (a). In violation of California Rules of Court, rule 105(c), appellant fails to cite legal authority for this proposition. This unsupported contention is without merit.
*Supp. 5 We find none of the appellant’s contentions to be persuasive. The judgment is affirmed.
Margolis, P. J., and Roberson, J., concurred.

 Penal Code section 802, subdivision (a), provides in pertinent part: “. . . prosecution for an offense not punishable by death or imprisonment in the state prison shall be commenced within one year after commission of the offense. ” (Italics added.)