COMMONWEALTH *vs.* MERVYN G. LANDENBURG.

No. 95-P-1377.

Middlesex. May 2, 1996. - August 5, 1996.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

*Larceny. Evidence,* Admissions and confessions, Corroborative evidence. *Practice, Criminal,* Required finding.

At the trial of a complaint for larceny of property, there was insufficient evidence of the commission of a crime to corroborate the defendant's alleged confession and the judge should have allowed the defendant's motion for a required finding of not guilty. [24-25]

COMPLAINT received and sworn to in the Malden Division of the District Court Department on June 2, 1994.

The case was heard by *Brian R. Merrick,* J.

*Thomas J. Freda* for the defendant.

*Melissa J. Weisgold,* Assistant District Attorney, for the Commonwealth.

JACOBS, J. The defendant appeals from his conviction of larceny of property (G. L. c. 266, § 30) after a jury-waived trial in the District Court. He claims that there was no evidence at trial corroborating testimony of his alleged confession of theft and that his motion for a required finding of not guilty, therefore, should have been granted. We agree with this contention.

A police officer testified that the defendant, on June 1, 1994, while in custody on a domestic abuse charge, had confessed to stealing merchandise from Lechmere stores beginning in January, 1994, and stated that some of the stolen items could be found at specific places and rooms in his girl friend's house. The police officer further testified that a warrant search of her residence resulted in the described items being found precisely where the defendant said they would

be.[1] The officer testified that the defendant had told him he had easily stolen the merchandise by simply removing a sticker which was part of an antitheft alarm system from the box containing the merchandise, thus permitting him to walk out of the store without triggering the alarm.

The girl friend testified that she had received all of the described items as gifts from the defendant except for the video cassette recorder, which was given to her by the defendant's son. She also testified that the defendant occasionally had lived with her during the period the gifts were made and that he was unemployed during that time.

An investigator testified that all of the described items are sold by Lechmere, but he could not determine whether they had been stolen. With one exception[2] he could not conclude whether the items came from Lechmere or from competitors' stores. The investigator also stated that stickers on certain Lechmere items activate alarms at store exits. No evidence was presented that identical items had been determined to be missing from the Lechmere store during the relevant time period.

Since 1984, we have followed the corroboration rule to the effect that a conviction cannot be based solely on evidence of a defendant's uncorroborated extrajudicial confession. *Commonwealth* v. *Forde*, 392 Mass. 453, 457-458 (1984). In adopting the rule, the Supreme Judicial Court noted that it reflected the position of a large majority of States and that it "has much to commend it, in that it precludes the possibility of conviction of crime based solely on statements made by a person suffering a mental or emotional disturbance or some other aberration." *Id.* at 457. Supporting the widespread judicial acceptance of the possibility of false voluntary confession of criminal guilt, implicit in the broad acceptance of the corroboration rule, is the considerable anecdotal evidence of the occurrence of false confession and the recognition of the psychological factors that cause it. See Note, Voluntary False

[1] The items generally described to the officer by brand names and found during the search were: three television sets, a video cassette recorder, a cordless telephone with an answering machine, a compact disc stereo, and two remote control devices.

[2] The investigator identified a box for a television set found at the girl friend's residence as coming from Lechmere, on the basis of an identifying attached number.

Confessions: A Neglected Area in Criminal Administration, 28 Ind. L.J. 374 (1953); Gudjonsson, The Psychology of False Confessions, 142 New L.J. 1277 (1992); Perkins & Boyce, Criminal Law 142-144 (3d ed. 1982).

Where the evidence of corroboration is tested by a motion for a required finding of not guilty, the standard of review may be less demanding of the prosecution than the familiar test of *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), and may require "merely that 'there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary.' " *Commonwealth* v. *Costello*, 411 Mass. 371, 374 (1991), quoting from *Commonwealth* v. *Forde*, *supra* at 458. See *Commonwealth* v. *Manning*, *ante* 18, 21 n.3 (1996). Here, in any event, we discern no evidence, other than the confession, substantiating that a crime was committed or supporting an inference of criminal conduct. No evidence was introduced that the items found in the girl friend's residence were stolen. Disbelief of her testimony that the items were gifts cannot be construed as substantive proof of larceny. *Commonwealth* v. *Michaud*, 389 Mass. 491, 498 (1983). Also, the fact that the described items were found precisely where the defendant indicated they were located, in a place where he resided from time to time, corroborates nothing beyond the fact of the defendant's familiarity with that residence and its contents. Similarly, knowledge of a method by which theft from the Lechmere stores may be accomplished does not prove the perpetration of a crime, just as the defendant's unemployment does not support an inference of theft. The evidence here does not serve the corroboration rule's purpose of precluding the possibility that the defendant confessed to an imaginary crime. See *Commonwealth* v. *Forde*, *supra* at 457-458. It was error to deny the defendant's motion for a required finding of not guilty. See *Commonwealth* v. *Costello*, *supra* at 375-376, 378.

*Judgment reversed.*

*Finding of guilt set aside.*

*Judgment for the defendant.*