NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1414

COMMONWEALTH

vs.

MICHAEL FORD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the Superior Court, a jury convicted the defendant, Michael Ford, of one count of indecent assault and battery on a person with an intellectual disability.  On appeal, the defendant contends that there was insufficient evidence to corroborate his confession.  We affirm.

Evidence at trial showed that the victim is the defendant's stepdaughter, and she is both physically and mentally disabled. The victim, age fifty-three at the time of trial, is "fairly high functioning," but has "a very childlike persona and [has] difficulty understanding any complex issues."  In 1989, when the victim was around seventeen or eighteen, the defendant married her mother, and they all lived together in Plainville.  In

October 2013, the victim's mother died.  The victim testified that before eventually moving with the defendant to North Attleboro, the defendant "put" her hand on his penis while they were in a car.  According to the victim, other incidents of vaginal and anal sex followed where she protested that she "didn't want it" or felt like she had no choice and "was scared to say anything."  While hospitalized for pneumonia, the victim disclosed to her sister "what was happening."  Afraid to return home, the victim began living with her sister.

During an investigation that followed, the defendant provided a video recorded statement to the police after waiving his Miranda rights.  He said that he and the victim had a consensual sexual relationship that began about one month after his wife died.  He said that their relationship included vaginal and anal sex and one or two occasions where the victim masturbated him in the bedroom.  He also acknowledged that he and the victim bartered for sex -- she exchanged sex for him purchasing "kitty litter," cat food, and gifts for her.

"Where the evidence of corroboration is tested by a motion for a required finding of not guilty, the standard of review may be less demanding of the prosecution than the familiar test of Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), and may require 'merely that "there be some evidence, besides the

2

confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary."'" Commonwealth v. Landenburg, 41 Mass. App. Ct. 23, 25 (1996), quoting Commonwealth v. Costello, 411 Mass. 371, 374 (1991). The purpose of the corroboration rule is to "guard against conviction for imaginary crimes." Commonwealth v. Villalta-Duarte 55 Mass. App. Ct. 821, 825 (2002), quoting Commonwealth v. Forde, 392 Mass 453, 458 (1984). This corroboration rule does not require corroboration of each element of a crime, but "it does, at minimum, require corroboration of the fact that a crime was committed by someone." Costello, supra at 375.

To survive a required finding here, the evidence before the jury did not have to demonstrate congruity between the victim's testimony and the defendant's statement to the police. Indeed, given the testimony presented, corroboration was not required at all. The victim's testimony that the defendant "put" her hand on his penis is enough, standing alone, to survive a motion for a required finding of not guilty. See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 2 (2021) (sufficient evidence where defendant grabbed victim's hand and placed it on his penis). "[S]worn testimony of the victim of a sexual assault, including rape, is evidence of the facts asserted" and suffices to support a conviction. Id. at 3, 6. Jurors could also readily infer the

3

victim's lack of consent from that testimony as well as her testimony that she felt she "ha[d] to touch his private part" and other evidence showing that she had an intellectual age of a ten year old child.  Contrast Commonwealth v. White, 475 Mass. 724, 725-726 (2016) (corroboration of sex assault required by G. L. c. 277, § 63, where indictment for certain sex crimes returned more than twenty-seven years after offense); Costello, 411 Mass. at 375 (corroboration of defendant's statements required where victim denied sexual relationship).

Even if corroboration had been necessary, see Commonwealth v. Leonard, 401 Mass. 470, 473 (1988) (corroboration rule also applies to admissions that "fall short of being a confession of all the elements of guilt"), the victim's testimony about the incident in the car did not have to square perfectly with the defendant's memory about masturbation in a bedroom.  All that is required for corroboration "is that there be some evidence, other than a confession [or admission], that the criminal act was committed by someone."  Commonwealth v. Morgan, 422 Mass. 373, 378 (1996).  Discrepancies about the location of the crime "have no connection to the essential elements of the crime," Commonwealth v. Gray, 85 Mass. App. Ct. 85, 88 (2014), and jurors were free to sift through the conflicting evidence in arriving at a verdict.  See, e.g., Villalta-Durate, 55 Mass.

4

App. Ct. at 826 (evidence that preverbal victim would cry when brought to defendant's apartment, that she developed intractable diaper rash, and had scratches on her face was sufficient to corroborate defendant's confession and support inference that something traumatic had occurred).  Thus, even if corroboration were necessary, we are satisfied that the evidence shows the defendant did not suffer a conviction for an "imaginary crime[]."  Forde, 392 Mass at 458.

Judgment affirmed.

By the Court (Hand, Hodgens & Tan, JJ.[1]),

Clerk

Entered:  November 25, 2025.

---

[1] The panelists are listed in order of seniority.

5