## 37633. PHILLIPS *v.* THE STATE.

TOWNSEND, Judge. 1. (*a*) In *Estes* v. *State,* 98 *Ga. App.* 521 (106 S. E. 2d 405), where the lottery indictment contained nine counts, differing only in date, which was specified as an essential averment of each count, the case was reversed, this court holding (p. 522): "The evidence here fails to show from which future publication the prize numbers were to be selected for the chances sold on behalf of the defendant. Had it shown a separate publication from which the prize number would be selected as to each count in the indictment, and had it shown that chances were sold on behalf of the defendant *relating to each such prize,* then the evidence would support the indictment as to each of the nine counts on which the defendant was convicted." (Italics ours.) In the present case, the proof on the trial of this seven-count accusation for lottery is subject to the same defect. In both cases there was testimony that the defendant did some act in connection with lottery operations on each of the dates mentioned in the various counts. In the present case it is also established that there is a drawing on each of such dates. But in neither case is there any evidence from which it may be inferred, other than as a matter of speculation, that the activities of the defendant on the seven days in question related to seven different lotteries, with distinct chances and prizes, rather than to one or some other number of such lotteries. All the ticket books the defendant accepted might as well have been for, say, the January 10th drawing as for the drawings on January 2, 3, 6, 7, 8 or 9. This court reiterates the principle that where the lottery indictment is in multiple counts, the date being specified as material, then the proof must show, not only that the defendant engaged in lottery on each date, or even that there was a drawing and prize generally on each date, but that the defendant's lottery activities related to

each of such different lotteries as determined by the drawings and prizes. This might, for example, be shown by evidence that the tickets which the defendant received on January 2, were all directed to a drawing on a specified date, while those received on January 3 were directed to a drawing on another and different specified date, and so on. As stated in the *Estes* case, supra, "Where separate counts are contained in an indictment, the evidence must be sufficient *as to each count,* and must be sufficient to show that the several counts relate to distinct transactions." The evidence here was insufficient to support the verdict, and the judge of the superior court erred in overruling the certiorari.

(*b*) In a very well prepared written opinion which reflects careful study, the judge of the superior court states that the defendant "could be convicted under each count if it appeared that he kept the lottery." The crime for which the defendant was on trial being that of keeping, maintaining and carrying on a lottery, that statement is certainly true as to one lottery, and it is true as to *one* lottery whether or not a drawing is proved. *Thomas* v. *State,* 118 *Ga.* 774 (45 S. E. 622). However, as pointed out in the *Estes* case, supra, where there are multiple counts in such an indictment the proof must show that each relates to a different transaction, and the mere fact that two dates are involved is not sufficient, by itself, to show two transactions, since the criminal transaction may or may not be limited to a single day, but the day does not constitute the crime. As an example, the superior court judge states: "One who keeps a slot machine for play is guilty of maintaining a lottery on each day the machine is kept for that purpose, and it is not necessary that any operation of the machine appear." Each day, however, that a defendant has such a slot machine, he is committing the same, and not a different offense, so that while he may be convicted once, and proof of his keeping the machine may be confined to a single day within the period of limitations, proof that he also had the machine on the following day, or the day before, will not authorize his conviction as for a second offense. Also, it is pointed out that "if a merchant puts a jar of peas in his window and sells chances to persons who undertake to guess the number of peas in the jar, the number to be counted on the last day of the month and payment made, he is guilty of

keeping a lottery on each day he maintains the jar of peas, whether he sells any chances that day or not." He is, indeed, guilty of maintaining one lottery, and he may be convicted of maintaining that lottery over the entire period of time, or any part thereof, but, since he is maintaining only one lottery he cannot be convicted more than once for maintaining it, although it spreads over a period of hours, days, months or even up to two years. The same is true of one who sells chances on the result of the Kentucky Derby or the Irish Sweepstakes. There is a single lottery each year, and the defendant would be guilty of a single crime, and it would not matter whether he sold one ticket on one day, ten tickets on one day, or one ticket on each of ten days. The essential elements of a lottery being consideration, prize and chance, and there being but one drawing of prizes, there is one lottery, one offense. In this case the State had the option of putting the defendant on trial for one lottery in which it was not necessary to show that lottery to be separate from other lotteries because all of the essential elements would appear as to that lottery, or put the defendant on trial for as many lotteries as it appeared he participated in over a period of time of two years next preceding the filing of the accusation. The State elected the latter course, which placed upon it the burden of separating the lotteries from each other so that the defendant could not be convicted twice for keeping and maintaining the same lottery. Since the keeping and maintaining of a lottery is a device for the hazarding of money and has the three elements of chance, prize and consideration in its scheme at the time of its inception, in order to separate the lotteries in multiple count accusations or indictments, each of the elements must appear from the evidence as to each count. This means that there must be evidence of consideration as to each count. There must be evidence of chance as to each count, and the evidence must disclose that a prize was a part of the scheme as to each count. If any of these elements relate to the same counts, then both refer to the same lottery, and a conviction on separate counts for the same lottery would result in the defendant being convicted twice, or even more than twice, for the same offense. Had this case been tried after the decision of this court in the *Estes* case, no doubt the evidence could have been developed in such way as to au-

thorize a conviction upon several or even all of the counts. As it stands, however, it is afflicted with the same shortcomings as appeared in the *Estes* case.

2. On objection urged by counsel for the defendant to the statement of a witness for the State that he had worked for the defendant in lottery operations for the last 8 or 9 years, the court ruled, "I will let him go into the last two years as far as the lottery was concerned." The ruling was erroneous for the reason, again, that whereas a single-count indictment for misdemeanor is sufficiently broad to allow proof of the commission of the crime within two years, the period of limitation, this rule does not apply where the indictment or accusation names a specific date as an essential averment thereof. Whereas a conviction on the single count indictment would support a plea of autrefois convict as to the crime committed any time within the statute of limitations, a conviction on a count where the date is so alleged would support such plea only as to that particular date. "Proof that the offense of lottery, as charged in a particular count, was committed on any other day, or on every other day, within two years prior to the filing of the accusation, would not authorize a verdict of guilty on that count charging a particular crime on a particular day." *Martin* v. *State*, 73 *Ga. App.* 573 (7) (37 S. E. 2d 411). It follows that where the date is alleged with particularity, proof is necessary to sustain that date and it becomes incompetent to prove transactions occurring on other dates, whether more or less than two years from the date of the accusation. The ruling was erroneous, but it is unnecessary to decide whether under the facts of this case its result was sufficiently harmful to cause reversal for the reason that the case must in any event be reversed on the general grounds.

The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 17, 1959.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neil, Eugene L. Tiller,* contra.