## 21770. BYINGTON v. THE STATE.

QUILLIAN, Justice. The indictment in the present case charged the defendant with having committed the offense of barratry in that he on a named date in Polk County "did then and there, unlawfully and with force and arms: seek out and propose to another person, to wit: Mrs. Betty Ann Queen, that she present and urge a suit in tort for the death of her hus-

band, Jimmy D. Queen, against the Central of Georgia Railway Company, contrary to the laws of said State, the good order, peace and dignity thereof."

There is no allegation that the defendant conspired with another or others to commit the offense of barratry or that what he was alleged to have done was in pursuance to any such conspiracy. The act (Ga. L. 1957, p. 658) under which the indictment was drawn does not prohibit barratry, nor does it make barratry a criminal offense. The act prohibits conspiracy to commit barratry. The title of the act reads as follows: "An Act to define, for the purposes of this Act, the crime of barratry; to define the crime of conspiracy to commit barratry and provide a penalty therefor; to define the terms used in this Act; to repeal conflicting laws; and for other purposes." Section I begins: "For the purposes of this Act the crime of barratry is hereby defined as any of the following." That section—and Section I, Paragraph 3, of the act, the language of which is employed in the indictment—prescribes no offense, but simply defines the acts of barratry for the purpose of the act: that is, for the purpose of explicitly enumerating the acts of barratry conspiring to commit which constitutes the offense of conspiracy to commit barratry within the meaning of the act.

The indictment in the present case does not purport to be drawn under § 26-4701 of the Code of 1933 (which was in existence at the time the indictment was drawn), nor can it be sustained under this section of the Code which defined the crime in part: "Common barratry is the offense of frequently exciting and stirring suits and quarrels between individuals, either at law or otherwise." To be valid under *Code* § 26-4701 the indictment must have alleged that the defendant "frequently" did the acts charged, or in lieu thereof it must have, under the full-bench decision of this court in *Churchwell v. State*, 195 Ga. 22, 28 (22 SE2d 824), alleged three or more separate acts.

The indictment charged the defendant with no violation of a public law. The holding of the Court of Appeals to the contrary and the defendant's conviction are accordingly reversed.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Almand, JJ., who dissent.*

ARGUED OCTOBER 8, 1962—DECIDED OCTOBER 22, 1962.

*Covington, Kilpatrick & Storey, Sell & Comer,* for plaintiff in error.

*Wayne W. Gammon, Solicitor General,* contra.

CANDLER, Justice, dissenting. Section 1 of an act which was passed in 1957 (Ga. L. 1957, p. 658; *Code Ann.* § 26-4704) declares: "For the purposes of this Act the crime of barratry is hereby defined as any of the following: . . . 3. Any person who seeks out and proposes to another person that they present and urge a suit against another person, the State of Georgia, the United States or any other legal entity, shall be guilty of the crime of barratry." Clearly, the quoted provision of this act creates a penal offense which may be committed by the act or acts of one person. While it is true that this section of the act does not expressly prescribe punishment for the criminal offense created thereby, yet *Code* § 26-101 provides: "The term felony means an offense, for which the offender, on conviction, shall be liable to be punished by death or imprisonment in the penitentiary, and not otherwise. Every other crime is a misdemeanor." When § 1 (3) of the 1957 barratry act and *Code* § 26-101 are construed together, as they may properly be, it seems clear to me that they create and prescribe misdemeanor punishment for the crime of barratry, a penal offense which one person may commit. In this case the accused was indicted and convicted in Polk County for violating the provisions of Section 1 (3) of the 1957 barratry act and the evidence which the State introduced on his trial was, as I view it, amply sufficient to support the guilty verdict returned against him. The Court of Appeals affirmed his conviction (*Byington v. State,* 106 Ga. App. 247, 126 SE2d 698) and this court by a vote of 5 to 2 granted his application for the writ of certiorari. Being of the opinion that Section 1 (3) of the 1957 act creates the crime of barratry which a person acting alone commits when he seeks out and proposes to another person that he present and urge a suit against another person, the State of Georgia, the United States or any other legal entity, and being also of the opinion that the evidence authorized the defendant's conviction of the offense for which he was in-

dicted, I would affirm the judgment rendered by the Court of Appeals.

I am authorized to say that Chief Justice Duckworth fully concurs in this dissent.