26460.   STEELE v. THE STATE.
26461.   AUSTIN v. THE STATE.
26462.   KELLEY v. THE STATE.
26463.   LEWIS v. THE STATE.

ARGUED APRIL 12, 1971—DECIDED JUNE 2, 1971.

Alfred D. Fears, Byrd, Groover & Buford, Denmark Groover, Jr., for appellants.

Edward E. McGarity, District Attorney, George J. Hearn, III, William R. Childers, Jr., for appellee.

FELTON, Justice. ■ Enumerated error 1 raises the questions whether the special presentment as a whole and each count thereof separately, allege an offense against any valid law of the State of Georgia. The latest Act creating the Board of County Commissioners of Henry County, Georgia, is contained in Georgia Laws of 1921, page 490 et seq. Sections 10 and 12 of the Act are pertinent. Section 10 of the Act reads as follows: "Be it further enacted by the authority aforesaid, That said Board of Commissioners shall be the sole purchasing agent for said county, and shall make all contracts for the purchase of all articles, goods, wares, material or merchandise for the use of said county; except in case of emergency when such items do not amount in bulk to more than $25, then the Chairman may contract and make said purchase, but he shall report the same at the next meeting of said Board. It shall be the duty of said Board of Commissioners *before contracting* to buy any articles, goods, wares, materials or merchandise which amount in bulk to more than $25, they shall have submitted to them at least three (3) competitive bids from dealers in the articles, goods, wares, materials or merchandise sought to be purchased, and they shall from the same quality of goods accept the lowest bid, and such bids, as well as all invoices of everything purchased, shall be kept on file by the Clerk in the office of the Board of Commissioners. No Commissioner shall receive any rebates, discounts, or prerequisites [sic] on account of any contracts or purchases they may make. Said Chairman shall have the

right in only cases of emergency to employ a particular work or service for the county, and then in an amount not to exceed $25 for the whole of said work or service, which he shall report at the next meeting." (Emphasis supplied.) Section 12 of said Act reads as follows: "Be it further enacted by the authority aforesaid, That the failure of said Board of Commissioners to comply strictly with Sections 10 and 11 of this Act shall constitute malpractice on the part of each commissioner, and be cause for their removal."

(a) All of the counts charging a law violation charging that the defendant "authorized" purchases to be made without obtaining three bids, are defective for the reason that the law applicable does not provide that "authorizing" a contract is equivalent to "entering into" or "making" a contract. *Code Ann.* § 26-601 (Ga. L. 1968, pp. 1249, 1269). No consummation of a bilateral agreement following the alleged authorization is alleged. Even if we assume that evidence could be introduced to show final contracts, it would not suffice to correct the defective counts. *Oliveira v. State,* 45 Ga. 555, 558.

(b) The charges contained in Counts 3a, 6, 7, 10b and 11b in the *Austin* case (No. 26461), charge that there was authorization for "services." The Act creating the Henry County Board of Commissioners contains no provision for receiving 3 bids for services, either separately from or in connection with a job involving both material, etc., plus services where the separate items are itemized and distinguishable. These counts are defective and are subject to the demurrers urged.

(c) Count 13 charges failure to accept the lowest bid for "a comparable model" and Count 14 charges merely failure to accept the lowest bid. Both of these charges fail to sufficiently and specifically allege that the lowest bids were for goods of "the same quality," as is provided in the Act, hence fail to allege an offense against the Act.

■ *Code* § 89-9907 is not unconstitutional for the reason that the expression "malpractice in office" is too vague and indefinite to apprise the defendant of the conduct proscribed by said section. Under the full-bench decision in *Cargile v. State,* 194 Ga. 20 (2) (20 SE2d 416), by which we are bound, the expression "malpractice in office" in said statute was made sufficiently definite by

construing the statute in connection with the laws defining the official's duties together with applicable sections of the Code. In the instant case, this was done by construction in connection with Ga. L. 1921, p. 490 et seq., §§ 10 and 12. The case of *Byington v. State,* 218 Ga. 440 (128 SE2d 329) held invalid an indictment which attempted to charge that defendant with an offense no punishment for which was even provided by our statutes, and is not contrary to the *Cargile* case, supra, as appellants contend. In the case of *Smith v. Duggan,* 153 Ga. 463, 465 (112 SE 458), this court recognized that the term "malpractice in office" is necessarily quite indefinite because of the constitutionally sanctioned lack of uniformity in the creation of county boards of commissioners and the powers to be exercised by them, under the various legislative Acts. Enumerated error 2 is without merit.

■ Section 12 of Ga. L. 1921, p. 490, is not unconstitutional on the ground that it does not provide for notice and hearing. *Code Ann.* § 89-9908 provides not only for a jury trial, but also a hearing before the grand jury, for parties indicted under the preceding section (§ 89-9907). Section 89-9908 is no less applicable to the appellant's case (on the ground that the Act of 1921 is a special Act and not part of the 1933 Code) than is *Code* § 89-9907, upon which the indictment is properly based. Enumerated error 3 is without merit.

■ Sections 10 and 12 of the 1921 Act are not unconstitutional as special laws in derogation of the general statute (Title 23 of the *Code*) appertaining to county commissioners. The Constitution itself has made an exception to the rule, that general laws shall have uniform operation throughout the State, when the same pertains to county commissioners. See *Bradford v. Hammond,* 179 Ga. 46 (175 SE 18); *Bowen v. Lewis,* 201 Ga. 487, 488 (40 SE2d 80) and cit. Enumerated error 4 is without merit.

■ *Code* § 89-9907 is not unconstitutional as violative of the due process clause of the 14th Amendment to the U. S. Constitution for the reasons stated in Divisions 2 and 3 hereinabove. Enumerated error 5 is without merit.

■ Enumerated error 6, complaining that the allegations in the indictment lack the requisite specificity for a special presentment drawn under *Code* § 89-9907, is meritorious for the reasons stated

in Division 1 hereinabove.

■ "Several offenses committed by the same person may be included in the same indictment, in different counts, where they are of the same general nature and belong to the same family group, where the mode of trial and the nature of the punishment are the same, as is shown by the record in this case." *Ellis v. State,* 67 Ga. App. 821 (1) (21 SE2d 316). In this case the State had the option of putting the defendant on trial for one instance of malpractice in office because all of the essential elements would appear as to that offense, or put the defendant on trial for as many instances of the offense as it appeared he participated in over a period of time. The State elected the latter course, which placed upon it the burden of separating the instances from each other so that the defendant could not be convicted twice for the same instance of the offense. See *Estes v. State,* 98 Ga. App. 521 (106 SE2d 405); *Phillips v. State,* 99 Ga. App. 424 (108 SE2d 721). Here, the instances are alleged to be different transactions, occurring on various different days. See *Phillips,* supra (1 b). Including multiple counts in the indictment did not violate the provisions of *Code Ann.* § 26-506 (Ga. L. 1968, pp. 1249, 1267) because in the instant case the State did not rely on "the same conduct" to establish the commission of the offenses, but rather the same *type* of conduct, reoccurring in a number of instances. Enumerated error 7 is without merit.

■ Enumerated errors 8 through 21 complain of the same lack of specificity as to each individual count as does enumerated error 6 as to the allegations of the indictment as a whole, and these enumerated errors are likewise meritorious. See Division 6, hereinabove.

The trial court erred in its judgments overruling those demurrers to the indictments which are ruled on in Divisions 1, 6 and 8 hereinabove.

*Judgments affirmed in part; reversed in part. All the Justices concur.*