58518. MIZE v. THE STATE.

BANKE, Judge.
Defendant appeals his conviction of burglary. The principal issue on appeal concerns denial by the trial court of his motion to dismiss for failure of the state to afford him the rights contained in Code Ann. § 27-706, which provides: "Before an indictment against a peace officer charging such officer with a crime which is alleged to have occurred while he was in the performance of his duties shall be returned by a grand jury, the rights provided in Section 89-9908, relating to certain officials, shall be afforded such officer and such officer shall be notified of such contemplated action by the district

attorney of the county wherein the grand jury shall convene." Code Ann. § 89-9908 recites: "A proposed indictment, presentment, or accusation under the preceding section shall specially set forth the merits of the complaint, and a copy thereof shall be served on the accused before it is laid before the grand jury. The accused shall have the right to appear before the grand jury and make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence; the accused shall not be subject to examination either direct or cross, and shall not have the right individually or through his counsel to examine witnesses; the accused and his counsel shall have the right to be present during the presentation of all evidence and statements of the accused, on the proposed indictment, presentment, or accusation, after which he and his counsel shall retire from the grand jury room. If a true bill is returned by the grand jury, the case shall proceed to trial as in other criminal cases."

At the time of the commission of the crime for which the defendant was indicted and convicted, he was employed by the City of Royston, Georgia, as a police officer. Testimony provided by two accomplices called by the state showed that while in his police uniform and on duty the defendant transported the accomplices to the B & W Gas Company where the burglary took place. The issue we must decide is whether the defendant was "in the performance of his duties" at that time within the meaning of Code Ann. § 27-706. *Held:*

1. Appellant offers no authority for his contention that the rights and procedures of Code Ann. §§ 27-706 and 89-9908 apply to him under the circumstances presented here, nor does our research reveal any cases which are controlling on the issue. In construing Code Ann. §§ 40-1617 and 89-9908, which are similar to Code Ann. § 27-706 but involve public officials, our Supreme Court has held: "The statutes are narrowly drawn [and] relate only to misconduct in public office." *Orkin v. State,* 236 Ga. 176, 192 (223 SE2d 61) (1976). It is obvious that Code Ann. § 27-706 was intended to afford to police officers the same procedural protection afforded to other public officials as to accusations arising from the performance or

non-performance of their official duties. See generally *Steele v. State*, 227 Ga. 653 (182 SE2d 475) (1971). The performance of such official duties does not include the commission of burglaries. The first enumeration of error is without merit.

2. Appellant next enumerates as error a violation of the witness sequestration rule as it applied to Mr. Stone, a GBI agent who investigated the burglary in question. Over objection, the court permitted Mr. Stone to remain in the courtroom and hear the testimony of another witness, a Mr. Bennett, before giving his own testimony. Code § 38-1703 provides that a party "shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." The trial court is vested with broad discretionary powers in administering the rule of sequestration. *Watts v. State*, 239 Ga. 725, 731 (238 SE2d 894) (1977); *Bryan v. State*, 148 Ga. App. 428 (3) (251 SE2d 338) (1978). The testimony given by Mr. Bennett, part owner of B & W Gas Company, related to his knowledge that his store had been broken into and that certain items were missing. Mr. Stone's testimony related to his investigation of the crime. A careful reading of the testimony of both witnesses fails to suggest any possibility of harm to the defendant arising from the failure to sequester Mr. Stone.

3. In a similar enumeration, defendant complains that state witness Gerald Brown was allowed to remain in the courtroom after giving testimony and then over objection was allowed to testify as a rebuttal witness for the state after defendant rested. Whether to allow the witness to give rebuttal testimony was a matter within the discretion of the trial court. See *Taylor v. State*, 132 Ga. 235 (63 SE 1116) (1908). The rebuttal testimony was brief and on a minor point. We perceive no possibility of harm in the procedure followed.

4. In his final enumeration of error, defendant complains that after he testified, was cross examined, and was excused from the stand, the trial court, over objection, allowed the state to recall him to the stand for further cross examination. "The conduct of the trial in this respect

lies within the discretion of the trial judge, and in the absence of a showing of an abuse of the discretion, his actions must be affirmed." *Reeves v. Morgan,* 121 Ga. App. 481, 484 (174 SE2d 460) (1970). The transcript reveals no abuse in this case.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 26, 1979 — DECIDED OCTOBER 19, 1979 — REHEARING DENIED NOVEMBER 2, 1979.

*Robert D. Matthews,* for appellant.
*Cleve Miller, District Attorney, Lindsay A. Tise, Jr., Francis George, Assistant District Attorneys,* for appellee.