62184. THE STATE v. ROULAIN et al.

DEEN, Presiding Judge.

This is an appeal by the state from a judgment of the trial court quashing a special presentment of the grand jury against a deputy warden and other employees of a correctional institution acting primarily as security guards. The motion to quash urged that under Code § 89-9908 the defendants were entitled to be present and give a sworn statement to the grand jury at the close of the state's evidence before a true bill was returned and that this right was improperly denied them under Code § 27-706.

1. The operative question is whether these defendants are peace officers within the meaning of Code § 26-401 (k) defining a peace officer as one vested by law by virtue of his public employment with a duty to maintain public order *or* to make arrests for offenses, whether the duty extends to all crimes or is limited to specific offenses only. It is uncontradicted that the defendants, after passing certain training courses, were a deputy warden and correctional officers who are empowered to make arrests for certain offenses under Code § 77-329 and specified regulations of the Department of Offender Rehabilitation authorized by Code § 77-315. They are thus by definition public employees with powers of arrest as defined and limited by department regulations. They are accordingly within the definition of peace officers under Code § 26-401 (k) as the trial court held. That the defendants had taken the proper training and been certified as such employees is not contested. That such powers were delegated to the State Board of Corrections, now the Board of

Offender Rehabilitation, see Code § 77-315. As to ·creation and transfer of powers to the present Board of Offender Rehabilitation, see Code § 40-35162.2, Code § 40-35162.3. We accordingly do not accept the construction of the statutes urged to the effect that for laws relating to peace officers to apply in this case it must be shown that these defendants were at the time actually involved in making an arrest or some other activity usually associated with the police in order to bring them under the statute here involved.

2. Code § 27-706 provides that before an indictment against a peace officer charging a crime alleged to have occurred while he was in the performance of his duties may be returned by a grand jury, he must be accorded the rights enumerated in Code § 89-9908, supra. We agree that the statutes should be given their literal meaning and that the deputy warden and other correctional officers here involved would, while in the performance of the duties of their position, be entitled to be present at the grand jury hearing and there make a sworn statement, etc. *Mize v. State,* 152 Ga. App. 190 (262 SE2d 492) (1979) is not authority to the contrary. It was there held that Code §§ 27-706 and 89-9908 did not apply to defendants who were employed as city police officers and who, while in uniform during their hours on duty, in fact transported certain confederates to a private building for the purpose of burglarizing it. This court stated, "The performance of such official duties does not include the commission of burglaries."

In the present case the indictment alleges that the defendants committed involuntary manslaughter by the commission of a lawful act in an unlawful manner in that they confined a named prisoner under conditions which caused his death by heat prostration. The distinction is that *Mize* poses a situation where the defendant, by engaging in burglary, stepped entirely aside from his duties as a police officer. The defendants here are accused of performing a duty in a criminally negligent manner. We are not of the opinion that *Mize* requires the defendant to be in the actual act of arresting a prisoner to entitle him to the rights granted by Code § 27-706. If we are correct in holding that these defendants are by virtue of their employment to be considered as peace officers while performing their duties, they are, like other public servants charged with acts of tyranny and oppression mentioned in Code § 89-9907, entitled to appear before the grand jury to the extent permitted by Code § 89-9908.

The trial court correctly sustained the motion to quash the indictment.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY 9, 1981.

*Joseph H. Briley, District Attorney, Reginald Bellury, Assistant District Attorney,* for appellant.
*David King, Jr., Thomas J. Phillips, Jr.,* for appellees.