A94A2580. SANDERSON v. THE STATE.
(456 SE2d 667)

POPE, Presiding Judge.

Defendant, a police officer, was charged by accusation in state court with two counts of simple battery, a misdemeanor. We granted this interlocutory appeal to determine whether defendant, as a police officer, was entitled to be indicted by a grand jury on the misdemeanor charges. The trial court answered this question in the negative and denied defendant's plea in abatement. We agree and affirm.

OCGA § 45-11-4 provides that if a public official is indicted for misconduct in office, he is entitled to certain privileges not afforded other defendants: he must be notified of the charges the grand jury is considering; he must have the opportunity to be present for the presentation to the grand jury of evidence against him; and he must have the opportunity to make a sworn statement to the grand jury.[1] However, a defendant in a misdemeanor case may be tried upon an accusation framed and signed by the prosecuting attorney rather than an indictment. OCGA § 17-7-71. And where criminal proceedings are brought in state court, the accused is not entitled to be indicted by a grand jury. OCGA § 15-7-46. The language of OCGA § 45-11-4 only expressly requires that the specified privileges be granted officials who are indicted; but because that provision was first enacted in 1833, long before the legislature enacted the Code sections allowing misdemeanors to be charged by a prosecutor's accusation rather than a grand jury's indictment, it is arguable that the legislature intended that these privileges be granted any official charged with any misconduct.

Nonetheless, we must reject this argument. When the legislature adopted OCGA § 17-7-70.1, allowing district attorneys to proceed by accusation rather than indictment in certain felony cases, it explicitly excepted charges against public officials, stating in subsection (e) that those officials would retain their rights under OCGA § 45-11-4. Yet when the legislature enacted OCGA §§ 17-7-71 and 15-7-46, allowing prosecutors to charge misdemeanors by accusation and to proceed in state court without a grand jury's indictment, it did *not* make an exception for charges against public officials.

Statutes should be harmonized whenever possible. *Weldon v. Bd. of Commrs. of Monroe County*, 212 Ga. App. 885 (2) (443 SE2d 513) (1994). In this case, we harmonize the statutes by concluding that OCGA § 45-11-4 says that *if* a public official is indicted for alleged misconduct, he is entitled to certain rights; it does not say that a public official charged with misconduct must be indicted, or that he is entitled to those rights if he is not. Accordingly, the trial court properly concluded that a police officer may be charged with a misdemeanor by accusation in state court.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — 

*Donald C. English,* for appellant.

---

[1] Pursuant to OCGA § 17-7-52, peace officers are entitled to the rights granted public officials under OCGA § 45-11-4.

*Paul L. Howard, Jr., Solicitor, Deborah Espy, Ingrid D. Hartman, Cynthia Strong-McCarthy, Assistant Solicitors,* for appellee.