474 S.E.2d 114 (1996)
222 Ga. App. 241
In the Interest of A.V.B., a Child.
No. A96A0641.
Court of Appeals of Georgia.
July 11, 1996.
Certiorari Granted October 11, 1996.
*116 James W. Beagle, Atlanta, for appellant.
Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Paula K.T. Hanington, for appellee.
Torin D. Togut, Atlanta, Vicky O. Kimbrell, Lisa J. Krisher, Augusta, Phyllis J. Holmen, Atlanta, amici curiae.
*115 HAROLD R. BANKE, Senior Appellate Judge.
The Dougherty County Department of Family & Children Services ("DFCS") obtained temporary custody of A.V.B. for up to 18 months beginning on October 11, 1993, after the juvenile court found that she was deprived. The court determined that A.V.B. was in a "runaway status" due to conflict at home with her father. The court later extended the temporary custody order on June 12, 1995, for up to two more years. A.V.B.'s mother is deceased but the parental rights of her father, allegedly presently incarcerated, have never been terminated.
After DFCS obtained custody, it unsuccessfully attempted various placements of A.V.B. and, ultimately, placed A.V.B. in Southwestern Regional Hospital ("Southwestern"), a state psychiatric facility located in Thomasville. In February 1995, A.V.B.'s attorney, Greg Bagley, successfully accomplished A.V.B.'s release from Southwestern based on Southwestern's examining psychiatrist's conclusion that A.V.B. was not clinically depressed or a danger to herself or others. On the same day A.V.B. was discharged from Southwestern, DFCS arranged for A.V.B.'s admission to West Central Georgia Regional Hospital ("West Central") in Columbus, another psychiatric facility, where A.V.B. currently resides.
Appellant, the Georgia Advocacy Office ("GAO"), is a nonprofit corporation designated by the Governor as the agency in Georgia to act under the federal Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 et seq. ("the Act"). GAO seeks to protect individuals with mental illness from abuse, neglect, and violation of legal rights. After receiving a complaint about the treatment and life conditions of A.V.B. in the psychiatric unit at West Central, GAO initiated an investigation. GAO claims that its attempts to communicate and negotiate with DFCS about A.V.B.'s care were consistently ignored or rebuffed. Eventually, GAO filed a deprivation petition in which it asserted that DFCS had abused, neglected, and abandoned the child.[1] GAO sought to have the court make a finding of deprivation and divest DFCS of temporary legal custody of A.V.B. GAO alleged that DFCS abandoned A.V.B. and committed her to a state psychiatric institution for its own convenience to avoid difficulties with placing her in a foster or group home. GAO contended that A.V.B. is improperly an in-patient at West Central, and that DFCS for years has mistreated and abandoned A.V.B. At no time did GAO seek custody of A.V.B., but rather sought the transfer of custody to, e.g., Lee County DFCS or another entity.
*117 The Juvenile Court of Dougherty County dismissed the deprivation petition, denied GAO's motion for review of Dougherty Juvenile Court files and denied GAO's motion to make discovery on respondent's (appellee's) records. The court based its dismissal of GAO's petition on two main findings: 1) that GAO had not exhausted its administrative remedies under the Act; and 2) that GAO should have filed a motion to modify an order pursuant to OCGA § 15-11-42. Held:
1. The juvenile court erred in finding that GAO had not exhausted its administrative remedies under 42 U.S.C. § 10807, and in dismissing GAO's deprivation petition. Although the Act does as a general rule require the exhaustion of administrative remedies, the Act also provides for at least three exceptions to the exhaustion requirement. The first exception requires the timely exhaustion of "all administrative remedies where appropriate." (Emphasis supplied.) 42 U.S.C. § 10807(a). The second exception permits alternative action when "any matter with respect to such individual will not be resolved within a reasonable time." 42 U.S.C. § 10807(a). According to the third exception, "[s]ubsection (a) does not apply to any legal action instituted to prevent or eliminate imminent serious harm to [an] individual [with mental illness]." 42 U.S.C. § 10807(b). If A.V.B. is, in fact, "deprived," then her situation is unlikely to be resolved within a reasonable time, and legal action may be appropriate. If she is improperly institutionalized, then serious harm is occurring. Arguably, any or all three of these exceptions could apply under the facts alleged, but without an adjudication on the underlying deprivation petition as to whether DFCS abandoned or neglected A.V.B., it is not possible to make that determination.
The court held that the specific remedy which GAO failed to utilize was a hearing available under Rules of the Department of Human Resources, Chapter 290-4-7-.08. On the advice of her attorney, A.V.B. cancelled a scheduled hearing on the issue of her continued confinement at West Central. The administrative hearing, however, was not a viable remedy to GAO for several reasons. First, the right to the hearing did not belong to GAO but belonged to A.V.B. See Chapter 290-4-7-.08 of DHR Regulations. Second, A.V.B. based her decision on the advice of her legal counsel, an attorney from the Georgia Legal Services Program ("GLSP").[2] Third, the relief that GAO sought was a finding that A.V.B. was deprived and neglected in the care of DFCS. Even if the hearing had culminated in A.V.B.'s release from West Central, it is GAO's contention that A.V.B. would still be in DFCS's legal custody, and thereby continue to be subjected to further deprivation and abandonment because "DFCS has many warehouses from which to choose." Moreover, the relief which GAO sought was a judicial determination of deprivation with the hope that the court would order a change of custody. Even assuming arguendo that GAO failed to exhaust its administrative remedies, it was not required to do so because a party is not barred from relief by its failure to exhaust administrative remedies where those remedies were inadequate. Hilton Constr. Co. v. Rockdale County Bd. of Ed., 245 Ga. 533, 539(3), 266 S.E.2d 157 (1980); see Conklin v. Zant, 202 Ga.App. 528, 414 S.E.2d 741 (1992).
2. The juvenile court erred in determining that GAO was not entitled to file the petition at issue and erred in dismissing the action. The threshold issues are procedural: whether GAO was entitled to bring the action and whether the court had the authority to grant the relief sought. The court held that GAO could not bring the deprivation petition because it was a subsequent deprivation petition, and that GAO was required to seek modification of the court's prior order pursuant to OCGA § 15-11-42. We disagree. GAO's petition alleges that A.V.B. is a deprived child under the care of her legal custodian, DFCS. Because this cause of action is separate and distinct from the initial deprivation adjudication concerning *118 A.V.B.'s father, we find no merit to the State's argument that GAO was collaterally estopped from bringing the petition. Collateral estoppel requires an identity of parties and an adjudication on the merits by a court of competent jurisdiction. Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 867(2), 463 S.E.2d 5 (1995). GAO was not a party to the first petition, and no adjudication has ever been made on GAO's claim that DFCS abandoned and neglected A.V.B.
A "`[d]eprived child' means a child who: ... [h]as been abandoned by his parents or other legal custodian." OCGA § 15-11-2(8)(C). Under the Code, we find no statutory requirement that a petition for modification must be filed under OCGA § 15-11-42, instead of a deprivation petition under OCGA § 15-11-24. Nor does the State offer supporting authority for this conclusion. In statutory construction, it is presumed that Code sections are of equal dignity and should be properly construed as to be consistent where possible. Rollins v. State, 215 Ga. 437, 441(2), 111 S.E.2d 63 (1959). Because the Juvenile Code does not state that OCGA § 15-11-42 negates OCGA § 15-11-24, the two sections should be read in pari materia and to effectuate the general purpose of the Code which is to protect the well-being of children. Rollins, supra. See OCGA § 15-11-1. See Sanderson v. State, 217 Ga.App. 51, 52, 456 S.E.2d 667 (1995). The juvenile court had the inherent authority to change, vacate, or modify its earlier temporary custody order, if it determined that A.V.B. was deprived in the custody of DFCS. OCGA § 15-11-34(c). See In the Interest of A.L.L., 211 Ga.App. 767(2), 440 S.E.2d 517 (1994); In the Interest of K. B., 188 Ga.App. 199, 200-201(2), 372 S.E.2d 476 (1988). Compare Lewis v. Winzenreid, 263 Ga. 459, 461, 435 S.E.2d 602 (1993). For these reasons, the court erred in dismissing GAO's petition.
3. The juvenile court erred in denying GAO's motions to access confidential DFCS and juvenile court records on A.V.B. When the juvenile court denied access to GAO based on its interpretation of the Act, the court failed to consider applicable state law which permits reasonable access to records by "[a] legally mandated, public or private, child protective agency of this state or any other state bound by similar confidentiality provisions and requirements which is investigating a report of known or suspected child abuse...." OCGA § 49-5-41(a)(1). As noted in Division 1, GAO is a legally mandated, private, non-profit child protective agency mandated by 42 U.S.C. § 10805(a)(1)(A), (B) to investigate incidents of abuse and neglect of individuals with mental illness. GAO is bound by similar confidentiality provisions. See 42 U.S.C. § 10806(a). Moreover, GAO is attempting to investigate a report of known or suspected child abuse as alleged in the deprivation petition. Because GAO satisfies the statutory criteria, its motion to access confidential DFCS records should have been granted.
OCGA § 15-11-33(d) provides that "[t]he parties or their counsel shall be afforded an opportunity upon request to examine and controvert written reports so received and to cross-examine individuals making the reports, except that portions of such reports not relied upon by the court in reaching its decision which, if revealed, would be prejudicial to the interests of the child or any party to the proceeding may be withheld in the court's discretion." Because GAO requested access to these records, the juvenile court should have granted GAO's motion subject to the court's exercise of discretion with regard to the portions of the record not relied upon. Accordingly, we reverse and remand the juvenile court to provide GAO access to the records upon which the court made its deprivation decision subject to the court's determination as to whether any portions of the written record upon which it did not rely need to remain confidential.
Judgment reversed and case remanded with direction.
BEASLEY, C.J., and BLACKBURN, J., concur.
NOTES
[1] GAO filed its petition in the Juvenile Court of Muscogee County, but that court ordered a transfer of venue to the Juvenile Court of Dougherty County. The petition was designated "Petition for Termination of Rights Due to Deprivation Pursuant to OCGA § 15-11-1 et seq. and for Loss of Legal Custody Pursuant to OCGA § 19-7-4".
[2] The GLSP is the designated legal representative for DFCS minors admitted to state psychiatric hospitals for treatment and evaluation. GLSP's amicus brief argues that GAO has an independent right to submit a deprivation petition under the circumstances here.