## A02A1983. THE STATE v. LOCKETT.
(576 SE2d 582)

MIKELL, Judge.

The state appeals an order granting City of Atlanta police officer Lorenzo J. Lockett's motion to quash an accusation charging him with the misdemeanor offenses of speeding and driving too fast for conditions. Because the state failed to present the matter to a grand jury for indictment as required by OCGA § 17-7-52, we affirm.

OCGA § 17-7-52 provides:

> (a) Before an indictment against a . . . peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4. (b) The requirements of subsection (a) of this Code section shall apply to all prosecutions, whether for misdemeanors or felonies, and no such prosecution shall proceed either in state or superior court without a grand jury indictment.[1]

The rights afforded by OCGA § 45-11-4 include, inter alia, the right to appear before the grand jury and to make a statement without being subject to cross-examination and the right to be present with counsel during the presentation of all evidence.[2]

As our Supreme Court has recognized, "OCGA § 17-7-52 affords certain rights, including the right to be prosecuted only upon a grand jury indictment, to peace officers charged with committing a crime alleged to have occurred while in the performance of the peace officer's duties."[3] In the case at bar, it is undisputed that Lockett was

---

[1] Subsection (b) was added in 1997. See Ga. L. 1997, p. 879, § 1. Prior to 1997, a police officer could be charged with a misdemeanor by accusation in state court. See *Sanderson v. State*, 217 Ga. App. 51, 52 (456 SE2d 667) (1995).

[2] OCGA § 45-11-4 (g).

[3] (Footnote omitted.) *Dudley v. State*, 273 Ga. 466 (542 SE2d 99) (2001).

on duty when the incident giving rise to the charges occurred. In an affidavit attached to his motion to quash the accusation, Lockett averred that on the date and time of the incident, he was on duty as a peace officer, lawfully performing his regular duties, and that as a result, the charges arose out of the performance of his official duties. The state presented no evidence to the contrary. Lockett was accused of violating OCGA §§ 40-6-181 and 40-6-180, which are defined as misdemeanors under OCGA § 40-6-1 (a). Therefore, in accordance with OCGA § 17-7-52, Lockett was entitled to the rights provided in OCGA § 45-11-4.[4]

The state contends that the right to grand jury presentment applies only to the offenses enumerated in OCGA § 45-11-4 (b), which include malpractice, misfeasance, or malfeasance in office, and other offenses not relevant here. The state relies on subsection (d), which provides that OCGA § 45-11-4 only applies to public officers charged with crimes listed in subsection (b), and "shall not apply when a public officer is charged with any other crime alleged to have occurred while such official was in the performance of an official duty."

The cardinal rule in interpreting statutes is to discern the intent of the General Assembly.[5] In addition, "[a] statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes in pari materia, are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto."[6] We must also "avoid constructions which result in surplusage and meaningless language."[7] Applying these rules of statutory construction, we conclude that the legislature did not intend to limit the application of OCGA § 17-7-52 to the offenses enumerated in OCGA § 45-11-4 (b). OCGA § 17-7-52 states that a peace officer "shall be afforded the rights provided in" OCGA § 45-11-4 when the officer is accused of committing "a crime," whether felony or misdemeanor, that allegedly occurred in the performance of the officer's official duties. Clearly, through the enactment of OCGA § 17-7-52, the legislature intended to grant to "peace officers," who are empowered to perform various law enforcement functions,[8] the protections afforded to "public officers" under OCGA § 45-11-4. To rule otherwise would be to render OCGA § 17-7-52 meaningless.

The state further argues that OCGA § 17-7-52 does not endow

---

[4] We note that the state has not alleged that OCGA § 17-7-52 (b), which references state and superior courts, does not apply to prosecutions commenced in the City Court of Atlanta, and we express no opinion thereon.

[5] *Johnson v. State*, 267 Ga. 77, 78 (475 SE2d 595) (1996).

[6] (Citation omitted.) *Joiner v. State*, 239 Ga. App. 843, 845 (1) (b) (522 SE2d 25) (1999).

[7] *Lawson v. State*, 224 Ga. App. 645, 647 (3) (a) (481 SE2d 856) (1997).

[8] OCGA §§ 16-1-3 (11); 35-8-2 (8).

"each and every police officer charged with any [traffic] violation whatsoever with the right to a grand jury presentment." The statute does not purport to do so; it applies only to felonies and misdemeanors. A police officer may be cited for committing traffic violations without a grand jury presentment under OCGA § 40-13-60, which states in part that "a traffic violation . . . shall not be considered as a misdemeanor." In the instant case, however, the state chose to file an accusation charging Lockett with the commission of misdemeanors under OCGA §§ 40-6-181 and 40-6-180. This triggered the application of OCGA § 17-7-52.

Finally, the state claims that the trial court erred in quashing the accusation because Lockett's official duties do not encompass speeding and driving too fast for conditions. The state relies on *Morrill v. State*[9] in support of this argument, but that case is inapposite. In *Morrill*, we affirmed a police officer's conviction of burglary and armed robbery, holding that the officer's performance of his official duties did not include the commission of those crimes and that he was not entitled to the rights afforded by OCGA §§ 17-7-52 and 45-11-4.[10] By contrast, in the instant case, Lockett was charged with driving 12 mph over the posted speed limit and failing to reduce his speed when approaching an intersection. It cannot be said as a matter of law in an interlocutory appeal from the order granting the motion to quash the accusation that these alleged misdemeanors did not occur as part of the performance of Lockett's official duties. To the contrary, the only evidence in the record before us is Lockett's uncontradicted affidavit, and in it he avers that the incident arose out of the course of his duties. Therefore, the judgment must be affirmed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2003.

*Joseph J. Drolet, Solicitor-General, Gerald Mason, Assistant Solicitor-General*, for appellant.
*Donald C. English*, for appellee.

---

[9] 216 Ga. App. 468 (454 SE2d 796) (1995).
[10] Id. at 470 (2); accord *Mize v. State*, 152 Ga. App. 190 (1) (262 SE2d 492) (1979).