A03A2204. IN THE INTEREST OF S. Y. et al., children.
(591 SE2d 489)

BLACKBURN, Presiding Judge.

Following the trial court's finding that her minor children, S. Y. and S. Y., were deprived and their placement with the Department of Family and Children Services ("DFACS"), the mother appeals, contending that the trial court erred by: (1) placing her children in the custody of DFACS as a sanction for her violation of an alleged protective order in contravention of OCGA § 15-11-11 (c)[1] and (2) relying on a copy of a prior order finding deprivation of the children without properly taking judicial notice of it. Finding no error, we affirm.

1. The mother contends that the juvenile court removed the children from her custody as a sanction for her violation of a protective order and that this action exceeded the court's authority under OCGA § 15-11-11 and under its order entered January 29, 2003.

The trial court held a hearing on December 18, 2002, pursuant to a petition for deprivation and protective order filed by DFACS. After the hearing, the trial court entered an order on January 29, 2003, titled "Finding of Fact Judgment and Disposition." This order

---

[1] OCGA § 15-11-11 (c) states: "[p]rotective orders may be enforced by citation to show cause for contempt of court by reason of any violation thereof and, where protection of the welfare of the child so requires, by the issuance of a warrant to take the alleged violator into custody and bring him or her before the court."

included a finding that the children "are deprived in that they are without proper parental care or control, sustenance, or education as required by law, or other care or control necessary for their physical, mental, or emotional health or morals." The order left legal custody of the children in the mother on five enumerated conditions. The order also stated that if the mother failed to comply with the conditions "she shall be subject to being found in contempt of Court and may be incarcerated for a period of time not to exceed twenty (20) days for each violation of the Court's order." The order set a hearing for February 5, 2003, "for an in court review."

There was testimony at the February 5 hearing that the mother had not complied with the conditions contained in the January 29 order. Following the hearing, the trial court entered an order dated May 14, 2003. The May 14 order contained a finding that due to the mother's failure to comply with the conditions contained in the January 29 order, it was contrary to the children's best interests for them to remain in the mother's custody. The May 14 order amended the January 29 order by placing the children in the temporary legal custody of DFACS.

The mother's argument that the trial court exceeded its authority is based on the belief that the January 29 order was a protective order within the meaning of OCGA § 15-11-11. The mother argues that the court was limited to the remedies established by the January 29 order itself and by OCGA § 15-11-11 (c) in enforcing that order. The mother's belief that the January 29 order was a protective order is apparently based on the fact that both the child advocate and her counsel referred to the January 29 order as a protective order at the February 5 hearing.

The January 29 order is not a protective order. "There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice." (Punctuation omitted.) *Parks v. Hyundai Motor America.*[2] See also *In re M. C. J.*[3] An examination of the substance of the January 29 order shows that it is not a protective order pursuant to OCGA § 15-11-11, but is a deprivation order pursuant to OCGA §§ 15-11-54 and 15-11-55.

The January 29 order was entered after a hearing on a petition for deprivation and protective order. The January 29 order contains findings of fact as to whether the children are deprived as required by OCGA § 15-11-54 (a). The January 29 order contains a disposition

---

[2] *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 878 (1) (575 SE2d 673) (2002).

[3] *In re M. C. J.*, 271 Ga. 546, 548 (523 SE2d 6) (1999).

of the children as required by OCGA § 15-11-54 (c). As allowed by OCGA § 15-11-55 (a) (1), the January 29 order allowed the children to remain with the mother subject to conditions established by the court.

Because the January 29 order was not a protective order, the trial court was not limited to the remedies established by OCGA § 15-11-11. The trial court had both the statutory authority and the inherent authority to modify its January 29 order. OCGA § 15-11-40 (b); *In the Interest of A. V. B.*[4] The trial court properly exercised that authority in its May 14 order. We find no merit in the mother's contention that the May 14 order exceeded the trial court's authority.

2. The mother also contends that, at the February 5 hearing, the trial court improperly relied on a copy of the January 29 order without taking judicial notice of the order. The transcript of the hearing shows that the trial court could not find the January 29 order in its file at the beginning of the hearing. The child advocate provided a copy of the order to the court. The mother did not object to this procedure and the hearing proceeded thereafter.

Having failed to object at the February 5 hearing to the trial court's use of a copy of the January 29 order, the mother has waived any right to complain about it on appeal. See *In the Interest of M. N. H.*[5] The mother "could not ignore during the hearing what she thought to be error or an injustice, take her chance on a favorable outcome, and complain later, for in such situation there is nothing for this court to review on appeal." *In the Interest of D. S.*[6]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 11, 2003.

*Richard S. Lord*, for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General*, for appellee.

---

[4] *In the Interest of A. V. B.*, 222 Ga. App. 241, 244 (2) (474 SE2d 114) (1996).
[5] *In the Interest of M. N. H.*, 237 Ga. App. 471, 474 (2) (517 SE2d 344) (1999).
[6] *In the Interest of D. S.*, 176 Ga. App. 482, 485 (2) (336 SE2d 358) (1985).