A04A1979. THE STATE v. GALLOWAY.
(606 SE2d 273)

JOHNSON, Presiding Judge.

Jerry Galloway, a Macon police officer, was indicted on two counts of rape, two counts of sexual assault against a person in custody and two counts of violating his oath as a public officer. Galloway moved to quash the indictment on the ground that he had been denied access to the grand jury as provided by OCGA §§ 17-7-52 and 45-11-4. The trial court granted the motion. The state appeals, asserting that the trial court erred in quashing the indictment. We agree and reverse the trial court's ruling.

OCGA § 17-7-52 (a) provides:

Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred *while he or she was in the performance of his or her duties* is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.[1]

---

[9] See *Brown v. State*, 242 Ga. 602, 603 (3) (250 SE2d 491) (1978).
[1] (Emphasis supplied.)

The rights afforded an officer by OCGA § 45-11-4 include the right to be present with counsel during the state's presentation of evidence to the grand jury and, at the conclusion of the state's evidence, the right to make a statement without being subject to direct or cross-examination.[2] These rights have been found to apply where prison officers were charged with involuntary manslaughter for confining a prisoner under conditions which caused his death by heat prostration,[3] and where a police officer on duty was charged with speeding and failing to reduce his speed when approaching an intersection.[4]

However, these rights have been found not to apply to situations where officers have stepped aside from the performance of their official duties in order to commit crimes. For instance, we have held that officers charged with committing burglary, armed robbery and aggravated assault while on duty are not entitled to these rights inasmuch as the performance of their official duties does not include the commission of such crimes.[5] Likewise, this court has held that the performance of official duties does not include rape.[6]

In the instant case, the charges against Galloway arose out of separate instances when he was in uniform and providing security at a club. According to the state, on each occasion Galloway took a woman into custody, threatened to charge her with a crime and then forced her to have sexual intercourse with him in exchange for him not pressing charges. As the state correctly notes, Galloway's performance of his official duties does not include rape or any other sort of sexual assault.[7] Since Galloway was not performing his duties when he allegedly committed the charged offenses, he is not entitled to the protections afforded by OCGA §§ 17-7-52 and 45-11-4. The trial court therefore erred in issuing an order granting Galloway's motion to quash the indictment, and that order is hereby reversed.

*Judgment reversed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 26, 2004.

---

[2] OCGA § 45-11-4 (g).

[3] *State v. Roulain*, 159 Ga. App. 233, 234 (2) (283 SE2d 89) (1981).

[4] *State v. Lockett*, 259 Ga. App. 179, 181 (576 SE2d 582) (2003).

[5] *Morrill v. State*, 216 Ga. App. 468, 470 (2) (454 SE2d 796) (1995); *Mize v. State*, 152 Ga. App. 190, 191 (1) (262 SE2d 492) (1979).

[6] *Gober v. State*, 203 Ga. App. 5 (1) (416 SE2d 292) (1992), overruled in part on other grounds, *Dudley v. State*, 273 Ga. 466, 468 (542 SE2d 99) (2001).

[7] Id.

*Howard Z. Simms, District Attorney*, for appellant.
*Althea L. Buafo*, for appellee.