S05G1215. WIGGINS v. THE STATE.
(626 SE2d 118)

THOMPSON, Justice.

The question for decision in this granted certiorari is whether a police officer, who was indicted and charged with false writings and statements, and the violation of his oath as a public officer, should have been afforded the rights of notice and the opportunity to appear before the grand jury pursuant to OCGA §§ 17-7-52 and 45-11-4. The

---

facts that give rise to this question are set forth at length in the opinion of the Court of Appeals.[1] We summarize them as follows:

Wiggins, a police officer, was dispatched to a hotel where six people, including the sixteen-year-old victim, were partying. When another officer discovered crystal methamphetamine, that officer arrested two of the partygoers. At that point, Wiggins vouched for the victim, saying that he knew the victim's father and knew that her father would discipline the victim appropriately. The other officer told Wiggins to put the victim in his patrol car. Wiggins took the victim's driver's license and asked her to meet him at a convenience store, telling her that if she did not cooperate with him, he would tell her father and she would go to jail.

The victim met Wiggins at the convenience store and she got into his patrol car. Then Wiggins drove to a nearby park where he and the victim had sex. He subsequently falsified his daily activity sheet and lied to GBI investigators to cover up his crimes.

The State indicted Wiggins, accusing him of rape, sodomy, false imprisonment, sexual battery, cruelty to children, false writings and statements, and violation of oath of public office. As to the false writings and statements count, the indictment charged that Wiggins gave "a false written statement of events regarding his conduct during the course of a criminal investigation and did falsify records on his daily activity sheet." The count alleging a violation of oath of public office alleged that Wiggins "threaten[ed] to arrest [the victim] if she did not meet with him at a separate location and comply with his demands for sex, [lied] to officials of the GBI during a criminal investigation, and committ[ed] crimes against the State while on duty."

Wiggins moved to dismiss the indictment, asserting he was not given notice pursuant to OCGA § 17-7-52. The trial court denied the motion and the case proceeded to trial. The jury convicted Wiggins of cruelty to children, false writings and statements, and violation of oath of office; it found him not guilty of the other charges. On appeal, Wiggins asserted, inter alia, that the trial court erred in denying his motion to dismiss the indictment. The Court of Appeals disagreed and affirmed that ruling.[2] We granted a writ of certiorari to the Court of Appeals and posed this question:

Did the Court of Appeals err by affirming the trial court's denial of defendant's motion to dismiss the indictment on

---

[1] *Wiggins v. State*, 272 Ga. App. 414 (612 SE2d 598) (2005).

[2] However, the Court of Appeals vacated and remanded the portion of the sentence imposing restitution. Id. at 422 (6).

the basis that the indictment was filed against the defendant without proper notice pursuant to OCGA § 17-7-52 where the defendant, a peace officer, was charged with the crimes of false writings and statements, OCGA § 16-10-20, and violation of oath of public office, OCGA § 16-10-1?

We answer our inquiry in the affirmative.

1. OCGA § 17-7-52 (a) provides:

Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

"The rights afforded an officer by OCGA § 45-11-4 include the right to be present with counsel during the state's presentation of evidence to the grand jury and, at the conclusion of the state's evidence, the right to make a statement without being subject to direct or cross-examination." *State v. Galloway*, 270 Ga. App. 184, 185 (606 SE2d 273) (2004). These rights come into play if the crimes charged were committed while the officer was in the performance of his duties as a police officer.

In this case, Wiggins stepped aside from the performance of his official duties when he committed the crime of cruelty to children. *State v. Galloway*, supra (police officer who took women into custody and forced them to engage in sexual intercourse was not in the performance of his official duties); *Morrill v. State*, 216 Ga. App. 468, 470 (454 SE2d 796) (1995) (police officer who committed burglaries and robberies was not performing his official duties). With regard to the count alleging a violation of oath of public office, it appears that it too arose from matters unconnected with the performance of Wiggins' duties. That is because it was predicated on threats that Wiggins made to the victim[3] and false responses that he gave to *outside* investigators when he was the subject of the investigation.

However, the crime of false writings and statements did arise when Wiggins was in the performance of his official duties, at least insofar as it pertained to the completion of his daily activity sheet.

---

[3] See *State v. Galloway*, supra, in which charges of violation of oath of public office arose because police officer took women into custody and forced them to have sex with him.

See, e.g., *State v. Lockett*, 259 Ga. App. 179, 181 (576 SE2d 582) (2003) (on duty police officer charged with speeding and driving too fast for conditions was entitled to rights under OCGA §§ 17-7-52 and 45-11-4); *State v. Roulain*, 159 Ga. App. 233, 234 (2) (283 SE2d 89) (1981) (correctional officers who were charged with involuntary manslaughter because they confined a prisoner under conditions which led to his death by heat prostration did not step aside from the performance of their duties). Thus, Wiggins was entitled to the protections afforded by OCGA §§ 17-7-52 and 45-11-4 with regard to the false writings and statements count.

2. Pointing out that the indictment was couched in multiple counts, and that only one count, the false writings and statements count, gives rise to the rights set forth in OCGA §§ 17-7-52 and 45-11-4, the State asserts the judgment of the Court of Appeals should be upheld with regard to the remaining counts of the indictment. We agree.

The indictment in this case contained a number of distinct and separate counts. Wiggins was acquitted on some of the counts; he was convicted on others. The rights afforded by OCGA §§ 17-7-52 and 45-11-4 apply only to one of the counts upon which Wiggins was convicted and the judgment of the Court of Appeals must be reversed with regard to that count. But that is not to say that the ends of justice would require this Court to reverse the judgment of the Court of Appeals in its entirety. See *Dennard v. State*, 243 Ga. App. 868, 877 (534 SE2d 182) (2000) (although special demurrer was valid, appellate court would not reverse conviction after trial in absence of prejudice to defendant because that would be a mere windfall to defendant and not serve the administration of justice). After all, when an indictment contains multiple counts, it "really charges a number of distinct and separate transactions, [and] it becomes the duty of the trial court to conduct the case, and of the appellate court to review it, just as if it were a consolidation of separate indictments." *Tooke v. State*, 4 Ga. App. 495, 504 (61 SE 917) (1908). And these "separate indictments" give rise to separate and independent cases. *Lee v. State*, 66 Ga. App. 613, 616 (18 SE2d 778) (1942).

In *Lee*, defendant, who was convicted on five counts of a multiple count indictment, moved for a new trial. The trial court granted the motion as to one count of the indictment, but denied the motion as to the other counts. Lee appealed, asserting the motion should have been granted in its entirety because the jury's verdict was indivisible. The Court of Appeals disagreed, pointing out that the jury's general verdict as to each count of the indictment "was in effect the same as if the defendant was being tried at the same time on an equal number of separate and distinct indictments." Id. at 617. Thus, the appellate court affirmed the grant of a new trial only as to one count of the

indictment. In so doing, it saw fit to quote the following from *Selvester v. United States*, 170 U. S. 262, 268 (18 SC 580, 42 LE 1029) (1898): "[A]lthough distinct offenses were charged in separate counts in one indictment, they nevertheless retained their separate character to such an extent that error or failure as to one had no essential influence upon the other."

We find *Lee* to be analogous and instructive here. Wiggins was charged with numerous offenses in a multi-count indictment. Only one of the counts, the false writings and statements count, gave rise to the protections afforded by OCGA §§ 17-7-52 and 45-11-4. The other counts were of a separate character. Thus, the failure to afford Wiggins his rights as to the false writings and statements charge cannot be said to have improperly influenced or infected the convictions upon the other counts. It follows that, although the conviction on the false writings and statements count must be set aside, the convictions on the other counts should remain intact.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 30, 2006 —
RECONSIDERATION DENIED FEBRUARY 27, 2006.

*Cox, Byington, Corwin, Niedrich, Smith & Twyman, Christopher P. Twyman*, for appellant.

*Leigh E. Patterson, District Attorney*, for appellee.