## A04A2112. WIGGINS v. THE STATE.
(633 SE2d 381)

BARNES, Judge.

In *Wiggins v. State*, 280 Ga. 268 (626 SE2d 118) (2006), the Supreme Court affirmed in part and reversed in part Division 2 of our decision in *Wiggins v. State*, 272 Ga. App. 414 (612 SE2d 598) (2005), in which we affirmed the trial court's judgment denying Wiggins's motion to dismiss the indictment alleging violation of oath of office and false statements and writings because he was not afforded the rights of notice and the opportunity to appear before the grand jury pursuant to OCGA §§ 17-7-52[1] and 45-11-4.[2] *Wiggins*, supra, 272 Ga. App. at 418. The Supreme Court granted certiorari to consider whether Wiggins was performing official duties when he committed the crimes and thus entitled to the protections of OCGA §§ 17-7-52 and 45-11-4. *Wiggins*, supra, 280 Ga. at 268. The Court affirmed the conviction for violation of oath of office, but reversed the conviction for false statements and writings.[3] Id. at 270.

Because the Supreme Court only addressed one of the divisions in our opinion, we are required to (1) read the Supreme Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) enter an appropriate disposition with regard to those portions that are consistent with the issues addressed and considered by the

---

[1] OCGA § 17-7-52 (a) provides:
Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

[2] OCGA § 45-11-4 (g) provides:
The accused shall have the right to appear before the grand jury to make such sworn statement as he or she shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and shall not have the right . . . to examine the state's witnesses. The accused . . . shall have the right to be present during the presentation of all evidence and alleged statements of the accused on the proposed indictment, presentment, or accusation, after which the accused and his or her counsel shall retire instanter from the grand jury room to permit the grand jury to deliberate upon the indictment.

[3] The Court upheld the conviction for violation of oath of office as it arose from matters unconnected with the performance of official duty, but reversed the conviction for false statements and writings because completing a daily activity sheet was an official duty, and Wiggins was entitled to the protections of OCGA §§ 17-7-52 and 45-11-4 with regard to that count. *Wiggins*, supra, 280 Ga. at 270-271. The Court also noted that Wiggins was acting outside his official duties when he committed the crime of cruelty to children and affirmed that count as well. Id.

Supreme Court. *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (554 SE2d 465) (2001). After so doing, we find that Division 1 and Divisions 3-8 of our opinion are consistent with and were not affected by the Supreme Court's decision, and thus remain in effect.

Accordingly, that portion of Division 2 of our opinion reversed by the Supreme Court is vacated, the judgment of the Supreme Court is hereby made the judgment of this Court, and the judgment of the trial court convicting Wiggins for false statements and writings is vacated and the case remanded for proceedings consistent with the opinion of the Supreme Court.

*Judgment affirmed in part, reversed in part, vacated in part and case remanded with direction. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2006.

*Cox & Byington, Christopher P. Twyman*, for appellant.
*Leigh E. Patterson, District Attorney*, for appellee.

