**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 8, 2017**

# In the Court of Appeals of Georgia

A17A1034. In the Interest of H. G. D. et al.

BETHEL, Judge.

James and Gena Clark, grandparents of two children, H. G. D. and H. D., appeal following the juvenile court's entry of a permanency order and its denial of their motions to intervene and for custody. The Clarks argue ten separate enumerations of error by the juvenile court. In short, they argue that the juvenile court erred by: (1) changing the case number on the removal and protective hearing orders to make them part of the pending dependency action; (2) holding a permanency hearing and awarding the Thomas County Division of Family and Children Services custody; (3) splitting physical and legal custody of the children; and (4) denying their motion to intervene. We disagree and affirm for the following reasons.

The record reflects that the Department of Human Services filed dependency actions[1] following a finding that the home H. G. D. and H. D. shared with their mother was filthy, that the mother was abusing methamphetamine, and domestic violence had been reported between the mother and her boyfriend. The children were removed to live with their maternal grandparents, the Clarks. However, while living with the Clarks, H. G. D. and H. D. began suffering from behavioral outbursts that necessitated a protective hearing. In particular, H. D., who was nine years old at the time, admitted to trying to harm or kill herself. She was later admitted to a mental health hospital. Additionally, hospital staff observed Mrs. Clark hitting H. G. D., who was three years old, and allowing H. D. to be physically abusive to H. G. D.

Following these incidents, on July 8, 2016, the juvenile court removed H. G. D. and H. D. from the custody of the Clarks and gave the Thomas County Division of Family and Children Services ("DFCS") temporary custody.[2] After H. D.'s release from the hospital, H. D. and H. G. D. were placed separately in local foster homes and visitation was suspended with their mother and the Clarks. H. D. has continued to

---

[1] The dependency actions were given case numbers 136-16J-017 and 018.

[2] The removal order was initially given different case numbers from the existing cases of dependency, but it was amended to be made part of the existing cases.

suffer from suicidal ideation and self-harming behaviors and has been recommended for intensive psychiatric therapy. H. G. D. has begun pre-kindergarten, and his foster parents and teachers report no academic or behavioral issues.

Following these placements, the Clarks filed a motion for custody with the juvenile court alleging that DFCS had failed to file a dependency action against them. They also filed a motion to intervene in the permanency action regarding the children. At the permanency hearing on August 12, 2016, which the Clarks attended, the juvenile court determined that the safest placement for the children would be in DFCS custody. The juvenile court denied the Clarks' motion to intervene based on lack of standing and denied them custody of the children based on the evidence presented at the hearing that necessitated their removal from the custody of the Clarks in the first instance. This appeal followed.

1. The Clarks first argue that the juvenile court erred by changing the case number on the removal and protective hearing orders to make them part of the pending dependency actions. The Clarks argue that the removal order and protective hearing order appearing under the revised case numbers are void and should not be considered by this Court because the petitions for dependency resulting in these orders were filed under different case numbers. They further argue that the juvenile

3

court cannot "circumvent the docketing system," that it lacks valid grounds for modifying the orders, and it did not comply with the notice and hearing requirement set forth in OCGA § 15-11-32 (f). We disagree.

OCGA § 15-11-32 (f) requires the court to hold a hearing when a petition seeking relief under Section 15-11-32 is filed. *See* OCGA § 15-11-32 (f). However, none of the parties filed a petition seeking relief under OCGA § 15-11-32, thus a hearing under OCGA § 15-11-32 (f) was not required. Rather, Thomas County DFCS filed a dependency complaint with juvenile court so as to notify it of the problematic circumstances the children were facing while in the temporary custody of their grandparents, the Clarks. The juvenile court removed the children from the custody of the Clarks and after a preliminary protective hearing (which the Clarks attended), awarded custody of the children to DFCS. The case numbers on both the dependency removal order and preliminary protective hearing order were changed, nunc pro tunc, so as to be made part of the existing case of dependency. The juvenile court's change to the temporary custody arrangement thus operated as a change to its earlier order finding the children dependent and awarding the Clarks temporary custody. The juvenile court has the inherent authority to change, vacate, or modify its earlier temporary custody order if it found that doing so would be in the best interests of H.

4

G. D. and H. D. *See* OCGA § 15-11-32 (b); *In re A. V. B.*, 222 Ga. App. 241, 244 (2) (474 SE2d 114) (1996); *In re K. B.*, 188 Ga. App. 199, 200 (2) (372 SE2d 476) (1988). The evidence in the record supports the juvenile court's finding that it was no longer in the best interests of the children to remain in the custody of the Clarks, and the juvenile court was authorized to change its order regarding temporary custody. We find no error here.

2. (a) The Clarks next argue that the juvenile court erred by holding a permanency hearing and entering an order awarding DFCS custody of the children. The Clarks suggest that there was a gap of approximately eight days during which the children were technically no longer in the care of DFCS because the complaints (which were initially filed under different case numbers) regarding the condition of the children under the Clarks' care were dismissed before custody was given to DFCS at the permanency hearing. And because the children were not technically in DFCS custody, the Clarks argue the juvenile court could not have a permanency hearing. The Clarks misunderstand the facts of this case.

The order removing the children from the Clarks' custody was filed on July 8, 2016. A preliminary protective hearing was held on July 11, 2016, whereby the children were found to be dependent and were placed in DFCS custody. On August

4, 2016, the juvenile court amended the case numbers on these orders so as to make them part of the existing case of dependency. That same day, the juvenile court dismissed the dependency complaint that was filed under a separate case number. Thus, the children remained in DFCS custody continuously, and the juvenile court did not err when it held the permanency hearing on August 12, 2016. The Clarks' argument therefore lacks merit.

(b) The Clarks further argue that a juvenile court may only remove a child from temporary custody where the child's parent completes the case plan or where the child is found dependent under care of temporary custodian, neither of which occurred here. Even if we were to assume, *arguendo*, that the Clarks' assertion is correct, the children were found dependent in the temporary custody of the Clarks at the July 11, 2016 hearing. Thus, we find this assertion of error meritless, as well.

(c) The Clarks argue that the juvenile court failed to comply with the order and hearing requirements set forth in OCGA § 15-11-181, and that a separate dependency hearing and order should have been entered with respect to their care of the children. But the children had already been found dependent and had been placed in the temporary custody of the Clarks because of their dependency. The juvenile court was not required to find the children dependent once more before changing its order

6

regarding temporary custody of the children. Rather, pursuant to OCGA § 15-11-32 (b), the juvenile court could do so where it found the change to be in the best interests of the children.

Temporary custody is just that—temporary. A temporary custody award differs "in its nature and purpose from an award of permanent custody. The temporary award is intended to create an interim arrangement that serves the best interests of the child pending adjudication of the rights of the mother and father." *See Pace v. Pace*, 287 Ga. 899, 900 (700 SE2d 571) (2010) (punctuation and citations omitted). Once a child has been adjudicated dependent and until permanent placement is established, the children are the responsibility of the court, and the court places them temporarily until a permanent placement can be found. Therefore, we cannot say that the juvenile court erred here.

3. The Clarks argue next that the juvenile court erred by giving DFCS physical custody of the children when it had already awarded legal custody to the Clarks. The Clarks are mistaken. The Clarks were given temporary physical and legal custody of the children on March 16, 2016. However the Clarks' physical and legal custody was terminated when the children were removed from their care via court order on July 8, 2016. Physical and legal custody of the children was then transferred to DFCS the

same day by the same order terminating the Clarks' custody of the children. This enumeration is without merit.

4. Finally, the Clarks argue that the juvenile court erred in denying their motion to intervene because their status as "legal custodians" made them parties to the case, or at least granted them a right to intervene under OCGA § 9-11-24 (a). The Clarks further assert that they have a claim or defense that raises a common question of law or fact because the children were removed from their home based on Mrs. Clark's conduct and that they should have been granted a permissive intervention under OCGA § 9-11-24 (b). We disagree.

OCGA § 9-11-24 (a) (1) provides that an individual shall be permitted to intervene upon a timely application "[w]hen a statute confers an unconditional right to intervene[.]" The Clarks claim that their statutory right to intervene arises from their status as parties to the case, as that term is defined in OCGA § 15-11-2 (52). But OCGA § 15-11-2 (52), which defines a party to include a legal custodian, does not confer an "unconditional right to intervene;" rather, it merely defines a term. Moreover, at the time the Clarks filed their motion to intervene, they were no longer temporary legal custodians of the children because their custody of the children had been terminated eight days prior. Because the Clarks fail to point to any statute

8

conferring upon them an "unconditional right to intervene," their argument that the juvenile court wrongly denied them their right to intervene in the dependency action is without merit.

OCGA § 9-11-24 (b) (2) provides that an individual may intervene "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." The Clarks argue that their claim or defense shares a common question of law or fact with the underlying dependency action because Mrs. Clark's behavior toward the children was the basis for the children's removal from their temporary custody. However, the underlying dependency action is a determination of the children's status in their mother's care. The Clarks' intervention in the case will not affect whether the mother can demonstrate that she is capable of caring for her children. As such, the juvenile court did not err in denying the Clarks' motion to intervene.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*